

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

December 15, 2021

**Via ECF**
Hon. Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, NY 10007

RE:   **Envy Branding v. The William Gerard Group, LLC, et al.;
No. 20-CV-3182 (PGG)(SLC)**

Dear Judge Cave:

We represent Defendants in the above-referenced matter. We write prior to tomorrow's December 16, 2021 telephonic conference at 3:00 p.m. to advise the Court of remaining issues concerning Plaintiff's production of financial records. As discussed during the October 28, 2021 status conference, the parties have been working to complete production of financial documents relating to the sums in dispute so that party depositions can be conducted. Both sides agree that we have not been able to move to the next stage by conducting depositions, but they disagree about the responsibility for this state of affairs. On November 23, 2021, the Court granted the parties' letter motion to extend time to complete discovery (Doc. No. 38). Since that time, while the parties have exchanged correspondence outlining deficiencies in the document production, Defendants have not received any supplemental document production from Plaintiff or any explanation as to why the materials have not been produced.

As we have continued to point out to Plaintiff's counsel, significant gaps remain in Plaintiff's production. Specifically, in addition to the deficiencies raised in our letter to the Court, dated August 31, 2021, and as outlined during the October 1 conference with Your Honor, Defendants wrote to Plaintiff on November 12, November 18, and December 10 to identify the remaining deficiencies in its document production. To date, despite assurances that Plaintiff will review the issues we have raised and get back to us, the deficiencies remain largely uncured. While Plaintiff has made supplemental document productions since the October 1 conference, the most recent being on November 24, Defendants have not received a substantive response as to most of the deficiencies we have raised. We are not including the specifics here in order to avoid burdening the Court, but we will be pleased to address the issues item by item during the conference.

December 15, 2021
Page 2

Most significantly, despite multiple requests, Plaintiff has ignored all requests to confirm whether it deems its production to be complete. It remains unknown when Plaintiff will produce additional documents or when it will deem its production complete. While Defendants are working to prepare for depositions, it is difficult to do so without knowing Plaintiff's position about its production. We would challenge any such assertion in any event, given that the production omits any production of any documents for many months during the relevant period. As noted in Defendants' previous correspondence, there are large gaps in Plaintiff's production. We have not received any documents for December 27, 2017 to April 24, 2018 and November 28, 2018 to October 2020, periods totaling roughly 28 months, nor has Plaintiff explained why the documents have been withheld if Plaintiff is intentionally withholding them. Defendants need the full financial documents for the missing time periods so that the total amounts of disputed sums relating to Plaintiff's claims and Defendants' counterclaims can be determined. In addition, Plaintiff has not produced records for all Paypal payments it received. Because Plaintiff used Paypal as one of the main avenues to receive payments from brands, without this information we cannot determine whether Envy has disclosed all payments it received. To date, we are aware of several transactions in which Plaintiff received sums to which Defendants are entitled and either failed to report or underreported the amount. We have identified these transactions for Plaintiff, but Plaintiff has not responded or explained the missing information. Similarly, we have identified patterns of inconsistencies and missing information within Plaintiff's bank statements that contradict its own internal records or records provided by third parties. These inconsistencies prevent Defendants from completing an accurate accounting of payments Envy received to which they may be entitled and the missing bank statement information also raises questions as to the accuracy and reliability of Envy's own financial records. It is this failure to account that caused Defendants to seek to end the relationship in the first place, and the unacceptable conduct unfortunately has still not been corrected.

On the other hand, Defendants have worked diligently to address Plaintiff's raised deficiencies. In response to Plaintiff's November 22, 2021 letter in which it raised deficiencies that it alleges exist in Defendants' production, Defendants responded on December 9 and provided a supplemental document production earlier today to address the purported deficiencies. While Defendants dispute that the production was deficient as they already produced the bulk of the requested documents, they still made good faith efforts to examine and respond to Plaintiff's raised issues. For example, Plaintiff's November 22 letter complains about the supposed failure to produce certain documents relating to three entities: DIFF Eyewear, LaurieBelles, and HomeChef. Defendants provided citations to specific bates stamp documents in their response to show that Plaintiff is mistaken. As a second example, Plaintiff raised issues relating to payments from ButcherBox. While Defendants dispute that Plaintiff is entitled to a share of these payments as it was not involved in the formation of that relationship and did not work to promote any potential revenue sources stemming from that relationship, Defendants nonetheless produced relevant documents in order to allow discovery to progress without becoming bogged down in relevance disputes. The same response and effort have not been reciprocated.

December 15, 2021
Page 3


        It remains unclear when and what Defendants can expect from Plaintiff in response to their
good faith efforts to solve the existing discovery disputes so that the parties can proceed to
depositions. Thus, we respectfully request the Court's assistance to resolve this matter.

        We thank the Court for its time and attention to this matter.

                                        Respectfully,

                                        */s/ Peter T. Shapiro*

                                        Peter T. Shapiro of
                                        LEWIS BRISBOIS BISGAARD & SMITH LLP
cc:     All counsel of record (via ECF)