

KLEHR HARRISON
HARVEY BRANZBURG LLP

Matthew J. McDonald
**Direct Dial**: 215-569-4287
**Email**: MMcdonald@klehr.com

August 31, 2022

**VIA ECF**
Honorable Sarah L. Cave
Southern District of New York

**Re:    Envy Branding LLC v. The William Gerard Group LLC, et al., No. 20-cv-3182**

Dear Judge Cave:

We represent Plaintiff Envy Branding LLC ("Envy" or "Plaintiff"). We write to request an extension of time to complete all discovery from October 31, 2022 through and including November 30, 2022. Attached is a proposed amended case management plan setting forth the requested extensions of time and associated modifications of the Court's May 18, 2022 Amended Case Management Plan (the "Case Management Plan") (ECF Doc. No. 51).[1] Plaintiff also seeks (a) leave to amend the Complaint, and (b) sanctions against Defendants for their willful failure to comply with discovery orders. Defendants consent to the proposed amended schedule and have not yet taken a position concerning amendment of the Complaint. Plaintiff respectfully requests a telephone conference concerning these matters.

**Background**

Plaintiff initiated this litigation to recover its contractual share of licensing revenue. In relevant part, Plaintiff entered into exclusive licensing agreements with Defendants Chelsea and Cole DeBoer (the "DeBoers"). (Ex. A). Plaintiff agreed to provide certain services, including identifying, negotiating, and overseeing licensing agreements for the DeBoers' likenesses, voices, images and brands, among other things. In exchange, Plaintiff received 35% of all of the DeBoers' licensing revenue and the exclusive right to negotiate on their behalf. Defendants breached the agreements by failing to pay Plaintiff its 35% of over $6,000,000 of licensing fees. The DeBoers also improperly terminated their agreements with Plaintiff in response to demands for payment.

To date, Plaintiff fulfilled its discovery obligations. It has produced all responsive documents and appeared for Defendants' noticed deposition. Plaintiff also took the depositions of

---

[1] The current schedule contemplates an expert discovery period which is no longer necessary. Envy, and we understand Defendants, do not intend to designate an expert. The parties therefore agreed to take certain outstanding fact depositions of Defendants during the expert discovery period.



Honorable Sarah L. Cave
August 31, 2022
Page 2

Defendants William Dzombak ("Dzombak"), who is the DeBoers' manager, and C&A Enterprises ("C&A"), an entity through which Chelsea DeBoer principally entered into licensing agreements. Dzombak's deposition established that Defendants' document production is intentionally deficient, as set forth below.  The remaining three Defendants are scheduled to be deposed in early September.  C&A's deposition will also need to be retaken—it was adjourned by agreement of the parties after the designated witness testified he was unprepared for the noticed topics.

### Defendants Concealed Relevant Entities, Licensing Agreements, and Revenue and Failed to Produce Responsive Documents

Following Defendants' initial document production, Plaintiff learned that Defendants failed to disclose the existence of an entity, Dakota Ln LLC, that appeared to engage in licensing for the DeBoers.  Plaintiff publicly searched for additional information and found two more undisclosed entities: Down Home DeBoers LLC and DeBoer Holding Company LLC.  In January 2022, following premotion letters and argument, this Court ordered Defendants to run additional electronic searches and to produce responsive documents and ESI.  (Dkt No. 43). Defendants subsequent production, however, contained limited information about the entities.

During the August 18, 2022 deposition of Dzombak, Plaintiff learned that Defendants failed to produce critical documents related to the concealed entities, including a series of licensing agreements and the resulting revenue.  Dzombak further testified to a fourth undisclosed entity, Aubree Says LLC.  Worse yet, Dzombak acknowledged it was not a coincidence Dakota Ln LLC was created after Plaintiff threatened litigation.  (Ex. B, Dzombak Tr., 117:7-15).  He explained that the company was created for the purpose of putting new licensing agreements in place where there was not an "ongoing dispute".  (Ex. B, Dzombak Tr., at 119:9-16).  Dzombak further believes C&A was shut down and stripped of all assets.  (Ex. B, Dzombak Tr., at 120:2-10).  Dzombak's testimony confirmed what Plaintiff has asserted, and Defendants denied, since January 2022—Defendants knowingly failed to fulfill their discovery obligations, and actively sought to conceal relevant entities, documents and revenue from Plaintiff and, ultimately, from this Court.

Based on the foregoing, Plaintiff prepared a proposed amendment to the Complaint, attached as Ex. C, to add claims against Dakota Ln LLC, Down Home DeBoers LLC, the DeBoer Holding Company LLC, and Aubree Says LLC (the "Concealed Entities").  Plaintiff therefore seeks additional time to (1) take discovery concerning the agreements, revenue, and assets Defendants improperly diverted to the Concealed Entities, and any additional such entities that may exist, and (2) file the Amended Complaint.  Plaintiff further seeks an award of fees and expenses that Plaintiff incurred due to Defendants' malfeasance.

Even without an amendment, Defendants have not produced any licensing agreements entered into, revenue received by, nor correspondence from, the Concealed Entities.  These



Honorable Sarah L. Cave
August 31, 2022
Page 3

documents are responsive to Plaintiff's request for (a) all licensing agreements entered into by Defendants and related entities[2], (b) all resulting revenue and related communications, and (c) each entities' corporate structure(s).  *See* Exs. D & E, Plaintiff's Document Requests and Defendants' Responses, Nos. 1-5, 7-16, 20.  Dzombak admitted that the Concealed Entities entered into written licensing agreements and received revenue therefrom.  *See e.g.,* Ex. B., Dzombak Tr., p. 144:3-143:20; 144:17-14.  Such documents are both central to Plaintiff's claims and responsive to its document requests.  Plaintiff therefore requests that Defendants are ordered to produce the foregoing documents, including unredacted bank and financial records from January 1, 2015 through the present for all entities they own or control, including the Concealed Entities.

### **Defendants' Should be Sanctioned for Their Intentional and Repeated Misconduct**

Plaintiff respectfully requests that the Court enter an order sanctioning Defendants for willfully, intentionally, and repeatedly failing to comply with their discovery obligations—or grant Plaintiff leave to file a motion for such sanctions pursuant to FRCP 11, 37(b), and/or the inherent powers of the Court.  As noted above, in January 2022, this Court ordered Defendants to produce responsive documents concerning Dakota Ln LLC and to search corresponding terms.  Defendants represented they complied with the order, but failed to produce any licensing agreements and related revenue records for Dakota Ln LLC—a failure that Dzombak's testimony makes clear was knowing and intentional.  Plaintiff should not be required to seek court intervention, yet again, for basic documents central to this dispute.  Simply put, Defendants possess and are plainly aware of documents they were already ordered to produce.  (Dkt No. 43).  Defendants' conduct has unnecessarily and vexatiously increased Plaintiff's fees and expenses throughout this litigation.

Accordingly, Plaintiff respectfully requests that the Court enter an order, or grant Plaintiff leave to file a formal motion, (1) seeking a discovery extension to November 30, 2022; (2) granting leave to file the proposed Amended Complaint (Ex. C); (3) requiring Defendants to produce all licensing agreements, revenue, and related correspondence; (4) sanctioning Defendants for Plaintiff's legal fees and expenses incurred in connection with (a) discovery motion practice to date, (b) third party discovery to identify licensing agreements, revenue, and related research, and (c) depositions and related fees to date; (5) seeking an adverse inference that (a) Defendants created the Concealed Entities to conceal licensing revenue from Plaintiff, (b) the Concealed Entities are Chelsea and Cole DeBoer's alter egos, (c) all licensing revenue received by Defendants, directly or indirectly, and all revenue received by the Concealed Entities, is subject to the revenue share within the parties' agreements; and (6) seeking such other and further relief as the Court deems just and proper.

---

[2] The Requests define Defendants and Shared Clients to include their affiliates, subsidiaries, parents and agents.



Honorable Sarah L. Cave
August 31, 2022
Page 4

Very truly yours,

*/s/ Matthew J. McDonald*
Matthew  J. McDonald

cc:     All counsel via ECF

10148057.v12