# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENVY BRANDING LLC,<br><br>               Plaintiff,<br><br>v.<br><br>THE WILLIAM GERRARD GROUP, LLC, et al.;<br><br>               Defendants. | 20 Civ. 3182 (PGG) |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Plaintiff by and through its undersigned counsel, and pursuant to Rule Nos. 26 and 34 of the Federal Rules of Civil Procedure, requests that Defendants produce to counsel for Plaintiff documents requested below at the address of undersigned counsel and permit for inspection and digital imaging the designated objects below in each Defendants' possession, custody, or control within thirty (30) days after service. Plaintiff further requests that each Defendant bates label their productions separately or otherwise identifies which documents are in the possession of which Defendant.

## DEFINITIONS

1. "Envy" or "Plaintiff" means Plaintiff Envy Branding LLC, and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

2. "Defendant," "Defendants", "you," or "your" means each of the Defendants in this action and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

3. "TWGG" means Defendant The William Gerard Group, LLC, and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

4. "Dzombak" means Defendant William G. Dzombak, and any and all predecessors or successors in interest, employees, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

5. "C&A" means Defendant C & A Enterprises LLC, and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

6. "Houska" means Defendant Chelsea DeBoer, and any and all predecessors or successors in interest, employees, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

7. "DeBoer" means Defendant Cole DeBoer, and any and all predecessors or successors in interest, employees, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

8. "Litigation" shall mean the civil action initiated by Plaintiff against Defendants, which Defendants removed to the United States District Court for the Southern District of New York, Index No. 1:20-cv-03182.

9. "Complaint" shall mean the Complaint filed by Plaintiff in the Litigation on or about March 5, 2020.

10. "Counterclaim Complaint" shall mean the Answer and Counterclaim Complaint filed by Defendants on or about May 1, 2020.

2

11.     Wherever used, the singular includes the plural, and the plural includes the singular; the masculine includes the feminine, and the feminine includes the masculine; the disjunctive "or" includes the conjunctive "and," and the conjunctive "and" includes the disjunctive "or"; and each of the functional words "each," "every," "any," and "all" includes each of the other functional words.

12.     As used herein, the term "concerning" means regarding, referring to, describing, evidencing, or constituting.

13.     As used herein, the term "relate(d)" or "relating" or "referring" means concerning, mentioning, reflecting, pertaining, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, or constituting (in whole or part), as the context makes appropriate.

14.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15.     "ESI" shall mean all electronically stored information, including but not limited to computer files, electronic mail, text messages, instant messages, information on social media or other websites (e.g., Facebook, LinkedIn), information stored on "smart" or other Internet-and-text capable cellular phones or tablet devices (e.g., iPad), information stored on USB, "flash" drives, or other portable electronic media, information stored on cloud storage sites, and any other discoverable Internet data.  ESI includes native file formats without alteration of deletion of any associated information like metadata.

16.     As used herein, the terms "document" and "documents" are used in their broadest sense, and means all tangible items, all ESI, and all communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This definition includes originals, copies,

or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location.

17. As used herein, the term "person" means any natural person or any business, legal, or governmental entity or association.

18. As used herein, the term "including" means "including, but not limited to."

19. Any reference to a corporation, partnership, or other business entity herein, including without limitation Plaintiff or Defendant, includes its divisions, departments and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates, its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents, and all other persons acting or purporting to act on behalf of the entity its subsidiaries, officers, predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

20. "TWGG Contract" shall mean the Inter-Company Services Agreement dated November 24, 2015, as subsequently amended, or supplemented.

21. "Shared Clients" shall have the meaning set forth in paragraph 19 of the Complaint and shall also include, but will not be limited to, Chelsea, Cole, C&A, Layne DeBoer, Watson DeBoer, Randy Houska, Aubree Houska-DeBoer.

22. "Brands" shall have the same meaning as that term is used in the Complaint. *See, e.g.*, Complaint, ¶ 31.

23. "Houska Contract" shall have the same meaning as that term is used in the Complaint. *See, e.g.*, Complaint, ¶ 49; Ex. 3.

24. "Envy-Houska Fees" shall have the same meaning as that term is used in the Complaint. *See, e.g.*, Complaint, ¶ 51.

25. "Envy-DeBoer Fees" shall have the same meaning as that term is used in the Complaint. *See, e.g.*, Complaint, ¶ 52.

4

26. Any capitalized term that is not specifically defined herein shall have the same meaning as set forth in the Complaint.

## INSTRUCTIONS

A. These Document Requests ("Requests") are to be responded to in accordance with the Federal Rules of Civil Procedure, the Local Rules, any Court Orders, and are continuing in nature. You have an affirmative obligation to promptly supplement your response as required by any new or changed information. You must produce all responsive information and documents as soon as they become known or available to you.

B. In responding to these Requests, produce all documents that are available to you, including documents in the possession of your attorneys, investigators, or experts, and not merely documents in your own personal possession. If you or any of your agents, including your attorneys, are aware of the existence of any document within the scope of these Requests that is not within the custody, possession or control of you or your agents, please identify any such document in a written response to the Request and provide information about who has possession, custody or control over the document.

C. When a Request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

D. If you object to any part of any Request, you must respond to all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document or information that is withheld and set forth the facts upon which you rely as the basis for each such objection.

5

E.   In the event that you claim that a Request is overly broad or unduly burdensome, you should respond to that portion of the Request which is unobjectionable and specifically identify the manner in which the Request is allegedly overly broad or burdensome.

F.   If you claim that a response, in whole or in part, to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of its claim of privilege or other reason that the information is protected from discovery.

G.   These Requests are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Requests. You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses to these Requests should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, thought correct and complete when made, is no longer true and complete.

H.   The conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively or in any manner that would exclude any information otherwise within the scope of any Document Request.

I.   Unless otherwise indicated, the timeframe for each request is January 1, 2015 through the present.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning or reflecting any payment made by any of the Shared Clients or the Brands to TWGG or Dzombak. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, TWGG or Dzombak.

**REQUEST NO. 2:**

PHIL1 7416447v.1

6

All documents concerning or reflecting any payment made by any of the Brands to the Shared Clients or Defendants. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, any Shared Client or Defendant.

**REQUEST NO. 3:**

All documents concerning or reflecting any payment made by TWGG or Dzombak to any Defendant or Shared Client. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, any Shared Client or Defendant.

**REQUEST NO. 4:**

All documents concerning or reflecting any payment made by Envy to any Defendant or Shared Client. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, any Shared Client or Defendant.

**REQUEST NO. 5:**

All documents concerning or reflecting any payment made by any Defendant, Shared Client, or Brand to Envy.

**REQUEST NO. 6:**

All documents and communications concerning the TWGG Contract including, but not limited to, all related notices, quarterly statements, invoices, audits, audit requests, advance payments, sales reports, and payments to either Plaintiff or any Defendant.

**REQUEST NO. 7:**

All documents and communications concerning the Houska Contract including, but not limited to, all related notices, quarterly statements, invoices, audits, audit requests, advance payments, sales reports, and payments to either Plaintiff or any Defendant.

**REQUEST NO. 8:**

All documents and communications concerning the DeBoer Contract including, but not limited to, all related notices, quarterly statements, invoices, audits, audit requests, advance

payments, sales reports, and payments to either Plaintiff or any Defendant.

**REQUEST NO. 9:**

All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and payments made or issued by any Brand to any Defendant or Shared Client.

**REQUEST NO. 10:**

All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and payments made or issued to any Brand by any Defendant or Shared Client.

**REQUEST NO. 11:**

All bank records reflecting any wire, check, ACH transfer or other form of electronic payment by any Brand to, for the benefit of, or at the direction of, any Shared Client or Defendant.

**REQUEST NO. 12:**

All communications among or between any or all of the Defendants, Shared Clients, Brands and Envy.  Your response should include all documents concerning such communications.

**REQUEST NO. 13:**

All documents concerning any contracts or agreements entered into between Plaintiff and any Defendant including, but not limited to, the TWGG Contract, the Houska Contract, and the DeBoer Contract.  Your response should include all such contracts or agreements.

**REQUEST NO. 14:**

All documents concerning any contracts or agreements entered into between or among any Defendant(s) and any Shared Client(s).  Your response should include all such contracts or agreements.

**REQUEST NO. 15:**

All contracts or agreements entered into between or among any Defendant(s) or Shared

8

client(s) and any Brand(s).  Your response should include all such contracts or agreements.

**REQUEST NO. 16:**

All documents and communications, without time limitation, concerning all contracts or agreements entered into or contemplated between or among Houska, DeBoer, C&A, MTV and Viacom and any of their respective agents, parents, subsidiaries, affiliates, or any other related entity or person. Your response should include all such contracts or agreements and any documents concerning payments made pursuant, or in relation, to such contracts or agreements.

**REQUEST NO. 17:**

All documents concerning Haynes and Boone or Adam Siegartel including, but not limited to, any engagement agreement entered into between Houska and/or C&A, on the one hand, and Haynes and Boone and/or Adam Siegartel on the other hand.

**REQUEST NO. 18:**

All communications with or concerning Haynes and Boone or Adam Siegartel including, but not limited to, any such communications sent or received by Houska and/or C&A.

**REQUEST NO. 19:**

All documents and communications reflecting any services provided by Haynes and Boone or Adam Siegartel to Houska and/or C&A.

**REQUEST NO. 20:**

All documents and communications concerning C&A's structure including, but not limited to, all documents concerning (a) its incorporation, (b) its bylaws, operating agreement, or other governing documentation and (c) its ownership.

**REQUEST NO. 21:**

All documents and communications concerning TWGG's structure including, but not

PHIL1 7416447v.1

9

limited to, all documents concerning (a) its incorporation, (b) its bylaws, operating agreement, or other governing documentation and (c) its ownership.

**REQUEST NO. 22:**

Monthly statements and transactional records for each bank account for which any Defendant maintains any interest or control, in whole or in part including, but not limited to, any accounts jointly controlled, in whole or in part, by multiple Defendants.

**REQUEST NO. 23:**

All communications between or among any Defendant(s) and any Brands concerning the entity to whom the Brand will, should, or is permitted, to disclose information or make payments. Your response should include, but is not limited to, any communication in which the Brand is directed not to disclose information to Plaintiff or not to make payments to Plaintiff.

**REQUEST NO. 24:**

All documents and communications concerning or supporting any of Defendants' affirmative defenses.

**REQUEST NO. 25:**

All documents and communications concerning the factual allegations set forth in paragraph 124 of the Counterclaim Complaint including, but not limited to, Plaintiff's purported lack of experience in representing celebrity talents.

**REQUEST NO. 26:**

All documents and communications concerning the factual allegations set forth in paragraph 127 of the Counterclaim Complaint including, but not limited to, allegations concerning Envy's and TWGG's respective principal line(s) of business.

**REQUEST NO. 27:**

All documents and communications concerning the factual allegations set forth in paragraph 128 of the Counterclaim Complaint including, but not limited to, allegations

concerning the scenarios in which the parties' agreed to share revenues.

**REQUEST NO. 28:**

All documents and communications concerning the factual allegations set forth in paragraphs 134-136 of the Counterclaim Complaint including, but not limited to, allegations concerning the appropriate construction of the TWGG Contract. Your response should include, but is not limited to, documents concerning the alleged application of the TWGG Contract to fees TWGG earned from the Management Services it provided to Chelsea.

**REQUEST NO. 29:**

All documents and communications concerning the factual allegations set forth in paragraph 137 of the Counterclaim Complaint including, but not limited to, any alleged distinction between the type of revenue that Envy agreed to pay to TWGG and the type of revenue that TWGG agreed to pay to Envy. Your response should include all documents concerning the type of revenue that each entity was required to pay to the other.

**REQUEST NO 30:**

All documents and communications concerning all Account Statements issued by Envy to any Defendant. Your response should include all such Account Statements.

**REQUEST NO. 31:**

All documents and communications concerning the factual allegations set forth in paragraph 142 of the Counterclaim Complaint including, but not limited to, each demand that TWGG allegations made to Plaintiff.

**REQUEST NO. 32:**

All documents and communications concerning the factual allegations set forth in paragraphs 143-150 of the Counterclaim Complaint including, but not limited to, each communication alleged therein.

**REQUEST NO. 33:**

11

PHIL1 7416447v.1

All documents and communications concerning the factual allegations set forth in paragraphs 152-154 of the Counterclaim Complaint including, but not limited to, the July 2018 Statement and each communication concerning the alleged statement.

**REQUEST NO. 34:**

All documents and communications concerning the factual allegations set forth in paragraphs 155-156 of the Counterclaim Complaint including, but not limited to, the payments Envy allegedly made to Defendants.

**REQUEST NO. 35:**

All documents and communications concerning the factual allegations set forth in paragraph 157 of the Counterclaim Complaint including, but not limited to, the alleged revised July 2018 Statement.

**REQUEST NO. 35:**

All documents and communications concerning the factual allegations set forth in paragraph 158 of the Counterclaim Complaint including, but not limited to, all documents concerning the funds purportedly withheld from any Defendant by Envy.

**REQUEST NO. 36:**

All documents and communications concerning the factual allegations set forth in paragraphs 165-167 of the Counterclaim Complaint including, but not limited to, all documents concerning Envy's purported retention of Haynes and Boone, LLP and the invoice generated in connection therewith.  Your response should include, but is not limited to, (a) Invoice No. 21332489, (b) any payments that any Defendant made upon Invoice No. 21332489, and (c) any agreements with respect to Invoice No. 21332489 including any agreements to compromise.

**REQUEST NO. 37:**

All documents and communications concerning the factual allegations set forth in paragraph 168 of the Counterclaim Complaint including, but not limited to, each demand alleged

therein.

**REQUEST NO. 38:**

All documents and communications concerning the factual allegations set forth in paragraph 169 of the Counterclaim Complaint including, but not limited to, each deal and/or all revenues which Envy purportedly omitted from the Account Statements provided to any Defendant.

**REQUEST NO. 39:**

All documents and communications concerning the factual allegations set forth in paragraph 170 of the Counterclaim Complaint including, but not limited to, the damages any Defendant purportedly sustained as a result of Plaintiff's conduct.  Your response should include, but is not limited to, (a) any invoices, bills or other statements issued reflecting the amounts owed, (b) any payments made upon any amount purportedly owed, (c) any agreements or compromises entered into with respect to any amounts purportedly owed, and (d) all documents concerning the origin of the alleged debt.

**REQUEST NO. 41:**

All documents and communications concerning or reflecting any services or work that any Defendant or Shared Client performed for any of the Brands.  Your response should include, but is not limited to, (a) any media or social media post, (b) any photograph or recording, and (c) any other form of marketing, advertising, sales, or other efforts or output in which any Defendant or Shared Client participated for the benefit of the Brands.

**REQUEST NO. 41:**

All documents and communications concerning the factual allegations set forth in the Complaint.

**REQUEST NO. 42:**

All documents and communications concerning the factual allegations set forth in the

Counterclaim Complaint.

                                                KLEHR HARRISON
                                                HARVEY BRANZBURG LLP

Dated:  August 28, 2020          By:  */s/ Matthew J. McDonald*
                                                      Matthew J. McDonald
                                                      1835 Market Street
                                                      Philadelphia, PA  19103
                                                      mmcdonald@klehr.com
                                                      (215) 569-4287

                                                    *Attorneys for Plaintiff Envy Branding LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Document Requests was served upon the below listed counsel on this date by email.

Peter T. Shapiro
peter.shapiro@lewisbrisbois.com
T: 212.232.1322
F: 212.232.1399
77 Water Street, New York, New York 10005
One Riverfront Plaza, Suite 800, Newark, New Jersey 07102 |
LewisBrisbois.com

*Counsel for Defendants*

*/s/ Matthew J. McDonald*
Matthew J. McDonald

Dated: August 28, 2020