# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ENVY BRANDING, LLC,

                                                             Case No. 20-cv-3182 (PGG)

                         Plaintiff,

             - against -

THE WILLIAM GERALD GROUP, LLC,
WILLIAM G. DZOMBAK, CHELSEA
DEBOER nee HOUSKA, COLE DEBOER,
C & A ENTERPRISES,

                         Defendants.
----------------------------------------------------------X

### DEFENDANTS' OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Defendants, The William Gerard Group, LLC, William G. Dzombak, Chelsea DeBoer, Cole DeBoer and C & A Enterprises LLC ("Defendants"), by their undersigned attorneys, object and respond to Plaintiff's First Request for Production of Documents to Defendants ("Plaintiff's Request"), as follows:

### GENERAL OBJECTIONS

      1.      Defendants object to the Definitions and Instructions in Plaintiff's Request to the extent they seek to impose any requirements to provide discovery inconsistent with, and/or not required by, the Federal Rules of Civil Procedures or this Court's Local Civil Rules.

      2.      Defendants object to Plaintiff's Request to the extent it calls for the production of privileged, confidential, proprietary and/or personal information concerning individuals and entities that are not parties to this action.

      3.      Defendants object to Plaintiff's Request to the extent that it is overly broad, unduly burdensome, oppressive, harassing, vague, ambiguous, confusing, incomprehensible,

incapable of response, patently improper, assuming facts, cumulative, duplicative, indefinite as to time or scope, unlimited in time or scope, lacking in temporal proximity, undefined, premature, impermissible seeking Defendants' trial strategy, inappropriately seeking material prepared for litigation, and/or improperly calling for a legal conclusion.

4.      Defendants object to Plaintiff's Request to the extent that it is neither relevant to any party's claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendants object to Plaintiff's Request to the extent it calls for the production of Defendants' trade secrets, confidential, and/or proprietary documents or information.

6.      Defendants objects to Plaintiff's Request to the extent it calls for the production of confidential, proprietary, and/or personal documents or information concerning individuals and/or entities that are not parties to this action.

7.      Defendants object to Plaintiff's Request to the extent it fails to define a reasonable and relevant time period. Responses shall be limited to the period covered by Plaintiffs' Complaint and Defendants' Counterclaims, unless otherwise noted (the "Relevant Period").

8.      Nothing herein is intended to waive the following objections, which are all expressly reserved: (a) objections as to competency, relevancy, materiality and/or admissibility of the subject matter of the document requests; (b) objections on any ground as to the use of any document provided in response to the requests; and (c) objections on any ground to any request for further response to those or other discovery requests.

9.      All of the responses herein will be subject to and limited by the foregoing General Objections, and information subject to those objections will not be provided unless otherwise indicated.  Defendants' failure to object to a specific request herein does not constitute a waiver

of these General Objections, which are made as to all of the requests herein to the extent applicable. Further Defendants' agreement to produce documents responsive to any document request does not constitute a representation that such documents exist, or that the documents produced are all of the documents responsive to the requests in Defendants' possession, custody and control, but only that Defendants have made, and will continue to make, a good faith effort to search for and retrieve responsive documents when and if they are located.

10.     Defendants reserve the right to supplement and/or amend these responses up to and through the time of trial.

11.     Each of these general objections is incorporated by reference into the following responses.

**SPECIFIC RESPONSES AND OBJECTIONS**

1.     All documents concerning or reflecting any payment made by any of the Shared Clients of the Brands to TWGG or Dzombak. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, TWGG or Dzombak.

**Response No. 1**

Defendants object to Request No. 1 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, ambiguous as to time and scope, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting payments made by Shared Clients to TWGG or Dzombak.

2.     All documents concerning or reflecting any payment made by any of the Brands to the Shared Clients or Defendants. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, any Shared Client or Defendant.

**Response No. 2**

Defendants object to Request No. 2 on the grounds that it is premature, overbroad as to the scope of time, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting payments made by Brands to Defendants.

3.     All documents concerning or reflecting any payment made by TWGG or Dzombak to any Defendant or Shared Client. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, any Shared Client or Defendant.

**Response No. 3**

Defendants object to Request No. 3 on the grounds that it is premature, overbroad, ambiguous as to time and scope, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client

privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting payments made by TWGG to Defendants.

4.     All documents concerning or reflecting any payment made by Envy to any Defendant or Shared Client. Each Defendant's response should include documents concerning payments made for the benefit of, or at the direction of, any Shared Client or Defendant.

**<u>Response No. 4</u>**

Defendants object to Request No. 4 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is equally available to Plaintiff, protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting payments by Envy.

5.     All documents concerning or reflecting any payment made by any Defendant, Shared Client, or Brand to Envy.

**<u>Response No. 5</u>**

Defendants object to Request No. 5 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting payments to Envy.

6.      All documents and communications concerning the TWGG Contract including, but not limited to, all related notices, quarterly statements, invoices, audits, audit requests, advance payments, sales reports, and payments to either Plaintiff or any Defendant.

**<u>Response No. 6</u>**

Defendants object to Request No. 6 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce documents reflecting communications among the parties concerning the TWGG Contract and performance thereunder.

7.      All documents and communications concerning the Houska Contract including, but not limited to, all related notices, quarterly statements, invoices, audits, audit requests, advance payments, sales reports, and payments to either Plaintiff or any Defendant.

**<u>Response No. 7</u>**

Defendants object to Request No. 7 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce documents reflecting communications among the parties concerning documents reflecting communications among the parties concerning the Houska Contract and performance thereunder.

8.      All documents and communications concerning the DeBoer Contract including, but not limited to, all related notices, quarterly statements, invoices, audits, audit requests, advance payments, sales reports, and payments to either Plaintiff or any Defendant.

**<u>Response No. 8</u>**

Defendants object to Request No. 8 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce documents reflecting communications among the parties concerning documents reflecting communications among the parties concerning the DeBoer Contract and performance thereunder.

9.      All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and payments made or issued by any Brand to any Defendant or Shared Client.

**<u>Response No. 9</u>**

Defendants object to Request No. 9 on the grounds that it is premature, overbroad, unduly burdensome, ambiguous as to time and scope, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, no responsive documents have been identified to date.

10.     All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and payments made or issued to any Brand by any Defendant or Shared Client.

**Response No. 10**

Defendants object to Request No. 10 on the grounds that it is premature, overbroad, unduly burdensome, vague, ambiguous as to time and scope, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, no responsive documents have been identified to date.

11.     All bank records reflecting any wire, check, ACH transfer or other form of electronic payment by any Brand to, for the benefit of, or at the direction of, any Shared Client or Defendant.

**Response No. 11**

Defendants object to Request No. 11 on the grounds that it is premature, overbroad, unduly burdensome, vague, ambiguous as to time and scope, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Based on the foregoing objections, Defendants are not searching for or producing any documents that might exist that would be responsive.

12.     All communications among or between any or all of the Defendants, Shared Clients, Brands and Envy. Your response should include all documents concerning such communications.

**<u>Response No. 12</u>**

Defendants object to Request No. 12 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the subject matter of this Action.

13.     All documents concerning any contracts or agreements entered into between Plaintiff and any Defendant including, but not limited to, the TWGG Contract, the Houska Contract, and the DeBoer Contract. Your response should include all such contracts or agreements.

**<u>Response No. 13</u>**

Defendants object to Request No. 13 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is equally available to Plaintiff, protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, see Response Nos. 6-8.

14.     All documents concerning any contracts or agreements entered into between or among any Defendant(s) and any Shared Client(s). Your response should include all such contracts or agreements.

**Response No. 14**

Defendants object to Request No. 14 on the grounds that it is premature, overbroad, unduly burdensome, vague, ambiguous as to time and scope, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant responsive documents relating to any agreements between Defendants and Shared Clients.

15.     All contracts or agreements entered into between or among any Defendant(s) or Shared client(s) and any Brand(s). Your response should include all such contracts or agreements.

**Response No. 15**

Defendants object to Request No. 15 on the grounds that it is premature, overbroad, unduly burdensome, vague, ambiguous as to time and scope, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant responsive documents relating to any agreements between Defendants and Shared

Clients.

16.     All documents and communications, without time limitation, concerning all contracts or agreements entered into or contemplated between or among Houska, DeBoer, C&A, MTV and Viacom and any of their respective agents, parents, subsidiaries, affiliates, or any other related entity or person. Your response should include all such contracts or agreements and any documents concerning payments made pursuant, or in relation, to such contracts or agreements.

**Response No. 16**

Defendants object to Request No. 16 on the grounds that it is premature, overbroad, unduly burdensome, vague, ambiguous as to time and scope, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant responsive documents relating to any agreements between Defendants and MTV and Viacom.

17.     All documents concerning Haynes and Boone or Adam Siegartel including, but not limited to, any engagement agreement entered into between Houska and/or C&A, on the one hand, and Haynes and Boone and/or Adam Siegartel on the other hand.

**Response No. 17**

Defendants object to Request No. 17 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's

claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce documents concerning the retention of Haynes and Boone and that firm's services and requests for compensation to the extent available.

18.     All communications with or concerning Haynes and Boone or Adam Siegartel including, but not limited to, any such communications sent or received by Houska and/or C&A.

**Response No. 18**

See response to Request No. 17.

19.     All documents and communications reflecting any services provided by Haynes and Boone or Adam Siegartel to Houska and/or C&A.

**Response No. 19**

See response to Request No. 17.

20.     All documents and communications concerning C&A's structure including, but not limited to, all documents concerning (a) its incorporation, (b) its bylaws, operating agreement, or other governing documentation and (c) its ownership.

**Response No. 20**

Defendants object to Request No. 20 on the grounds that it is premature, overbroad, unduly burdensome, vague, ambiguous as to its use of "structure", incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Based on the foregoing objections, no search for responsive documents is being undertaken.

21.     All documents and communications concerning TWGG's structure including, but not limited to, all documents concerning (a) its incorporation, (b) its bylaws, operating agreement, or other governing documentation and (c) its ownership.

**Response No. 21**

Defendants object to Request No. 21 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, ambiguous as to its use of "structure" incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Based on the foregoing objections, no search for responsive documents is being undertaken.

22.     Monthly statements and transactional records for each bank account for which any Defendant maintains any interest or control, in whole or in part including, but not limited to, any accounts jointly controlled, in whole or in part, by multiple Defendants.

**Response No. 22**

Defendants object to Request No. 22 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Based on the foregoing objections, Defendants are not searching for or producing any documents that might exist that would be responsive.

23.     All communications between or among any Defendant(s) and any Brands

concerning the entity to whom the Brand will, should, or is permitted, to disclose information or make payments. Your response should include, but is not limited to, any communication in which the Brand is directed not to disclose information to Plaintiff or not to make payments to Plaintiff.

## Response No. 23

Defendants object to Request No. 23 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the subject matter of this Action between Defendants and Brands.

24.    All documents and communications concerning or supporting any of Defendants' affirmative defenses.

## Response No. 24

Defendants object to Request No. 24 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants refer to their document production and information to be provided by Plaintiff via discovery and potentially by third parties.

25.     All documents and communications concerning the factual allegations set forth in paragraph 124 of the Counterclaim Complaint including, but not limited to, Plaintiff's purported lack of experience in representing celebrity talents.

**Response No. 25**

Defendants object to Request No. 25 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, no responsive documents have been identified to date.

26.     All documents and communications concerning the factual allegations set forth in paragraph 127 of the Counterclaim Complaint including, but not limited to, allegations concerning Envy's and TWGG's respective principal line(s) of business.

**Response No. 26**

Defendants object to Request No. 26 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, no responsive documents have been identified to date.

27.     All documents and communications concerning the factual allegations set forth in

paragraph 128 of the Counterclaim Complaint including, but not limited to, allegations concerning the scenarios in which the parties agreed to share revenues.

**Response No. 27**

Defendants object to Request No. 27 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting agreements pertinent to the subject matter of this Action.

28.     All documents and communications concerning the factual allegations set forth in paragraphs 134-136 of the Counterclaim Complaint including, but not limited to, allegations concerning the appropriate construction of the TWGG Contract. Your response should include, but is not limited to, documents concerning the alleged application of the TWGG Contract to fees TWGG earned from the Management Services it provided to Chelsea.

**Response No. 28**

Defendants object to Request No. 28 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, no responsive documents are

known to exist.

29.     All documents and communications concerning the factual allegations set forth in paragraph 137 of the Counterclaim Complaint including, but not limited to, any alleged distinction between the type of revenue that Envy agreed to pay to TWGG and the type of revenue that TWGG agreed to pay to Envy. Your response should include all documents concerning the type of revenue that each entity was required to pay to the other.

**Response No. 29**

Defendants object to Request No. 29 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting the parties' agreement and the terms of performance for same.

30.     All documents and communications concerning all Account Statements issued by Envy to any Defendant. Your response should include all such Account Statements.

**Response No. 30**

Defendants object to Request No. 30 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is equally available to Plaintiff, protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the subject matter of this Action including as to account statements.

31.     All documents and communications concerning the factual allegations set forth in paragraph 142 of the Counterclaim Complaint including, but not limited to, each demand that TWGG allegedly made to Plaintiff.

**Response No. 31**

Defendants object to Request No. 31 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the subject matter of this Action including demands by TWGG.

32.     All documents and communications concerning the factual allegations set forth in paragraphs 143-150 of the Counterclaim Complaint including, but not limited to, each communication alleged therein.

**Response No. 32**

See Response to Request No. 31.

33.     All documents and communications concerning the factual allegations set forth in paragraphs 152-154 of the Counterclaim Complaint including, but not limited to, the July 2018 Statement and each communication concerning the alleged statement.

**Response No. 33**

Defendants object to Request No. 33 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the subject matter of this Action as to the identified statement to the extent available.

34.     All documents and communications concerning the factual allegations set forth in paragraphs 155-156 of the Counterclaim Complaint including, but not limited to, the payments Envy allegedly made to Defendants.

**Response No. 34**

Defendants object to Request No. 34 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting payment by Envy.

35.     All documents and communications concerning the factual allegations set forth in paragraph 157 of the Counterclaim Complaint including, but not limited to, the alleged revised July 2018 Statement.

**Response No. 35**

Defendants object to Request No. 35 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the July 2018 statement to the extent available.

36.     All documents and communications concerning the factual allegations set forth in paragraphs 165-167 of the Counterclaim Complaint including, but not limited to, all documents concerning Envy's purported retention of Haynes and Boone, LLP and the invoice generated in connection therewith. Your response should include, but is not limited to, (a) Invoice No. 21332489, (b) any payments that any Defendant made upon Invoice No. 21332489, and (c) any agreements with respect to Invoice No. 21332489 including any agreements to compromise.

**Response No. 36**

See Response to Request No. 17.

37.     All documents and communications concerning the factual allegations set forth in paragraph 168 of the Counterclaim Complaint including, but not limited to, each demand alleged therein.

**Response No. 37**

Defendants object to Request No. 37 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and

seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting and relating to the owed sums.

38.     All documents and communications concerning the factual allegations set forth in paragraph 169 of the Counterclaim Complaint including, but not limited to, each deal and/or all revenues which Envy purportedly omitted from the Account Statements provided to any Defendant.

**<u>Response No. 38</u>**

Defendants object to Request No. 38 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents reflecting communications pertinent to the subject matter of this Action and responsive to this request to the extent available.

39.     All documents and communications concerning the factual allegations set forth in paragraph 170 of the Counterclaim Complaint including, but not limited to, the damages any Defendant purportedly sustained as a result of Plaintiff's conduct. Your response should include, but is not limited to, (a) any invoices, bills or other statements issued reflecting the amounts owed, (b) any payments made upon any amount purportedly owed, (c) any agreements or

compromises entered into with respect to any amounts purportedly owed, and (d) all documents concerning the origin of the alleged debt.

**Response No. 39**

Defendants object to Request No. 39 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents pertinent to Defendants' damages.

40.     All documents and communications concerning or reflecting any services or work that any Defendant or Shared Client performed for any of the Brands. Your response should include, but is not limited to, (a) any media or social media post, (b) any photograph or recording, and (c) any other form of marketing, advertising, sales, or other efforts or output in which any Defendant or Shared Client participated for the benefit of the Brands.

**Response No. 40**

Defendants object to Request No. 40 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, ambiguous as to time and scope, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive documents pertinent to Defendants' work performed for its Brands.

41.     All documents and communications concerning the factual allegations set forth in the Complaint.

**<u>Response No. 41</u>**

Defendants object to Request No. 41 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants incorporate by reference all documents being produced in response to Plaintiff's Request.

42.     All documents and communications concerning the factual allegations set forth in the Counterclaim Complaint.

**<u>Response No. 42</u>**

Defendants object to Request No. 42 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks information that is protected by the attorney-client privilege, work product doctrine, and as material prepared for litigation, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants incorporate by reference all documents being produced in response to Plaintiff's Request.

Dated:  New York, New York
       November 6, 2020              LEWIS BRISBOIS BISGAARD & SMITH LLP

                               By: /s/ Peter T. Shapiro
                                    Peter T. Shapiro
                                    77 Water Street, Suite 2100
                                    New York, New York 10005
                                    (212) 232-1300
                                    Peter.Shapiro@lewisbrisbois.com
                                    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

      Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on November 6, 2020, he caused to be served on all counsel via e-mail Defendants' Objections and Responses to Plaintiff's First Request for Production of Documents.

      /s/ Peter T. Shapiro        

Peter T. Shapiro
