

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

September 6, 2022                                                                                       File No. 11414.819

**VIA ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

      Re:    *Envy Branding LLC v. The William Gerard Group LLC., et al.*
               Docket No. 20-cv-3182 (PGG)(SLC)

Dear Judge Cave:

      As you know, I represent Defendants in this matter. I write pursuant to section II(C)(3) of your Honor's Individual Practices in Civil Cases in response to Plaintiff's August 31, 2022 letter, Docket No. 52. The Court should disregard Plaintiff's letter and admonish Plaintiff due to its blatant failure to comply with section II(C)(1) of those Practices, which make clear that the Court "will not hear any discovery dispute unless the moving party . . . has first conferred in good faith with any adverse party to resolve the dispute." Plaintiff ignored this rule by rushing to involve the Court without conferring or allowing Defendants an opportunity to address the alleged deficiencies and disputes. Plaintiff's disregard for Your Honor's Practices is also clear by virtue of its disregard for section II(C)(2), which requires a certification that the required meet and confer took place and the date, time, and substance of same. By ignoring the Court's Practices, Plaintiff asks Your Honor to expend judicial resources addressing issues that could have been resolved between the parties without judicial intervention. This conduct is all the more troubling given that Plaintiff is no stranger to the Court's meet and confer requirements as the parties have previously submitted multiple joint requests for conferences to address issues that have arisen thus far and agreed-upon discovery schedules. Presumably, Plaintiff decided to depart from the previous path of cooperation and adherence to the rules solely in order to be able to prejudice Defendants by putting inflammatory and unfounded accusations on the public record.

      With respect to Plaintiff's request to amend the case management plan, while the parties did agree in principle that an extension was likely necessary, Plaintiff did not meet and confer with Defendants to approve the submitted dates before filing its letter. The dates that Plaintiff submitted in its Proposed Amended Case Management Plan, Docket No. 52-6, are different from those Plaintiff proposed to Defendants. Had Plaintiff complied with the Court's Rules, this issue could have been avoided. Assuming Your Honor decides to avoid having the parties start over and agree on a schedule to submit to the Court,

Hon. Sarah L. Cave
September 6, 2022
Page 2

Defendants respectfully request that the Court so-order the following schedule, which the parties previously agreed to on August 25, 2022 through email correspondence, a copy of which can be provided upon request:

1. November 30 – deadline to complete all discovery.
2. December 7 – deadline to certify completion of all discovery.
3. December 16 – deadline to file premotion letters for summary judgment.

Defendants note in this regard that they have decided that expert testimony is necessary, and as a result they seek to complete expert discovery as well by November 30.

Plaintiff's argument that Defendants failed to comply with its discovery obligations or failed to disclose relevant information as required by a prior court order is unfounded. Defendants have complied with their discovery obligations and are continuing to look for and produce relevant documents. As discussed during the January 24, 2022 Court conference, Plaintiff sought documents relating to when and why Dakota Ln, LLC was created based on its theory that Dakota Ln, LLC was created as a continuation of C&A Enterprises, LLC. Based on the parties' discussion during the conference, the Court ordered Defendants to run a search for Dakota Ln, LLC and variations thereof for the period from January 1, 2020 through December 31, 2020 and produce responsive documents. Doc. No. 43 ("Order"). Defendants did just that. From January 25 to February 11, 2022, Defendants produced 1,162 pages of documents and privilege logs in compliance with the Order, at least 45 of which were not privileged and related to the formation of Dakota Ln, LLC. Plaintiff did not raise any objections to Defendants' production or argue that Defendants had violated the Order by failing to include in their production the documents relating to revenue or agreements signed that they now claim were not produced. Instead, the parties proceeded to mediate the case and, after mediation failed, scheduled and completed several depositions during August, including Sara Nemerov on behalf of Plaintiff, Defendant William Dzombak, and a representative of Defendant C&A Enterprises, LLC (with two more depositions of Defendants scheduled for later this week). Plaintiff cannot now accuse Defendants of shirking its discovery obligations or of failing to comply with the Order after failing to press the issue for more than six months and proceeding with depositions without having sought to address any disputes about any alleged deficiencies as to Defendants' production.

Moreover, much of what Plaintiff accused Defendants of failing to produce falls outside of the time period specified in the Court's Order. The information also involves non-parties that were not parties to any agreements at issue and involves payments and agreements that signed and earned outside of the relevant time period by many months, if not years. Nonetheless, based on Plaintiff's requests for production as raised in Mr. Dzombak's deposition and its August 31, 2022 letter, in an effort to continue to make progress as to discovery and resolve this dispute, Defendants have now searched for and produced 412 additional documents relating to revenue received, agreements signed, and other relevant records. While Defendants reserve their objections that Plaintiff's requests are overbroad as they relate to transactions and revenue earned outside of the relevant period governed by the parties' agreements, Defendants have nonetheless included any responsive documents and agreements to the present date. Defendants will continue to abide by their discovery obligations by searching for and producing any other

Hon. Sarah L. Cave
September 6, 2022
Page 3

such documents that may not have been located to date. Of course, in the event of any disputes, Defendants will meet and confer as required.

The Court should be aware that Plaintiff's inclusion of an excerpt from Mr. Dzombak's deposition transcript is a direct violation of the Stipulated Confidentiality Agreement and Protective Order that Judge Gardephe so ordered on January 8, 2021 (the "Protective Order"; Docket No. 20). Specifically, paragraph 4 thereof requires that "[d]uring the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential." Paragraph 11 further requires that "[i]n filing Confidential Discovery Material with this Court . . . the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System [and] . . . file an unredacted copy of the Confidential Court Submission under seal." As Mr. Dzombak was deposed on August 18, 2022, the parties are still within the 30 day period in which the deposition transcript must be treated as confidential. Moreover, it was improper for Plaintiff to use the transcript given that the witness reserved the right to read and sign under Rule 30(e). Defendants respectfully request that the Court admonish Plaintiff and direct it to refile the relevant deposition excepts under seal and in the interim we ask that the Court seal Docket No. 52 or at least the portion thereof consisting of the testimony quotes and transcript. Defendants are not, unlike Plaintiff, eager to seek sanctions willy nilly, but it is evident that it is Plaintiff which has engaged in improper conduct, not Defendants.

Moreover, Plaintiff's letter also mischaracterizes Mr. Dzombak's testimony. The cited testimony reflects that Mr. Dzombak did not testify that Dakota Ln, LLC was created to avoid litigation, hide assets, or any other nefarious reason that Plaintiff attempts to conjure up. Instead, when asked repeatedly whether Dakota Ln was formed to attempt to hide money from Envy Branding, Mr. Dzombak said no. This can be seen at pages 117:3-119:23 of the transcript. When asked whether C&A Enterprises, LLC currently has any assets, Mr. Dzombak testified that he assumed not and later clarified that because he is not its owner, he did not have actual knowledge as to its assets and his testimony about it had been based on assumptions. Dzombak Tr., 119:24 - 121:13. The Court should recognize that taking Mr. Dzombak's testimony out of context in an attempt to misrepresent the facts to its advantage is hardly a valid basis for its premature request for judicial approval of its request for leave to amend to add new party defendants.

Plaintiff also prematurely submitted that request without fully vetting the issue with Defendants. Plaintiff shared its proposed Amended Complaint on August 30, 2022. Early next morning, Plaintiff asked that Defendants advise as to their position on the amendment by 2 p.m.; I promptly responded that Defendants would not be able to respond until the following week due to client unavailability. Plaintiff filed its request to amend the complaint that afternoon. Had Plaintiff not rushed to court, Defendants may have had the opportunity to review and respond to its request without wasting the Court's time. In fact, Plaintiff and Defendants had discussed in principle a possible stipulation that would entail amendments to the complaint as well as to Defendants' answer and counterclaim. By jumping the gun, Plaintiff prevented this issue from being resolved amicably. Defendants remain available to meet and confer about this issue. Failing that, Defendants can submit a proposed amended answer and counterclaims in advance of the conference if Your Honor so directs. But it remains Defendants' preference to abide by the Court's procedures and seek to work the issues out with opposing counsel without having to involve the Court. Accordingly, we request that the parties be given until September 12, 2022 to submit a joint letter

Hon. Sarah L. Cave
September 6, 2022
Page 4

addressing all of the issues presented, including potentially an agreed upon discovery and motion schedule.

 Finally as to the status of discovery, as noted above, Defendants recently conducted Plaintiff's deposition. It was apparent from the testimony of Plaintiff's principal that it withheld documents, which necessitated our having served last week additional document requests, including basic documents relating to the crux of the parties' claims and defenses, and the principal could not answer basic questions about statements that Plaintiff issued and revenue it received, which necessitated our serving Requests for Admissions. Defendants may need to conduct the depositions of several non-parties in light of Plaintiff's testimony.

 Based on all of the foregoing, Defendants respectfully request the Court deny Plaintiff's application without prejudice to give the parties a chance to meet-and-confer, so-order a new schedule thereafter as (hopefully) agreed upon between the parties, delete the Dzombak transcript excerpts from the record, and admonish Plaintiff to comply with the Court's Rules going forward.

 Thank you for your attention to this matter.

Respectfully,

/s/Peter T. Shapiro

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: All Counsel (via ECF)