UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
ENVY BRANDING, LLC,

                              Plaintiff,         Case No. 20-cv-03182-JLR-SLC

      -against-

THE WILLIAM GERARD GROUP, LLC;      **ANSWER TO AMENDED**
WILLIAM G. DZOMBAK; CHELSEA DEBOER   **COMPLAINT AND AMENDED**
nee HOUSKA; COLE DEBOER; and C & A      **COUNTERCLAIMS**
ENTERPRISES, DAKOTA LN LLC, DOWN
HOME DEBOER'S LLC, DEBOER HOLDING
COMPANY LLC, and AUBREE SAYS LLC,

                              Defendants.
--------------------------------------------------------------

      Defendants The William Gerard Group, LLC ("TWGG"), William G. Dzombak

("Dzombak"), Chelsea DeBoer nee Houska ("Chelsea"), Cole DeBoer ("Cole") and C & A

Enterprises LLC ("C&A"), Dakota Ln LLC ("Dakota Ln"), Down Home DeBoer's LLC ("Down

Home DeBoer's"), DeBoer Holding Company LLC ("DeBoer Holding"), and Aubree Says LLC

("Aubree Says") (collectively, "Defendants"), by and through their undersigned counsel, answer

the Amended Complaint of Plaintiff Envy Branding, LLC ("Envy" or "Plaintiff") and state their

affirmative defenses, and Defendants TWGG, Chelsea, Cole and C&A assert Counterclaims, as

follows:

### NATURE OF THE ACTION

      1.    Defendants deny the allegations in Paragraph 1, and further state this action

actually concerns Plaintiff's efforts to withhold over $150,000.00 that it is irrefutably due and

owing to the Defendants. Specifically, rather than providing required account statements to

TWGG and paying over revenues to Defendants, Plaintiff offered a litany of excuses for its non-

performance, damaged Defendants' reputations and good will, and failed to pay over the

amounts due and owing to each Defendant.  The instant litigation represents Plaintiff's present attempt to excuse its misconduct by offering the instant manufactured claims, which are nothing more than futile attempts at revisionist history made to deflect from Plaintiff's breaches of contract and poor record keeping and reporting failures.  Accordingly, Defendants TWGG, Chelsea and Cole are asserting Counterclaims against Envy for its breaches of the parties' respective contracts.

2.      The allegations of Paragraph 2 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations of Paragraph 2.  By way of further answer, Defendants state that Plaintiff performed no such services and is not entitled to any such compensation.

## PARTIES AND JURISDICTION

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Defendants TWGG and Dzombak admit the allegations in the first sentence of Paragraph 4, and further state that TWGG provides certain talent management services. Defendants TWGG and Dzombak deny the remaining allegations of Paragraph 4 as stated.  By way of further answer, Defendants TWGG and Dzombak state that, as to the purported "Shared Clients", TWGG only provides talent management services to Chelsea and Cole.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Defendants TWGG and Dzombak admit the allegations in the first sentence of Paragraph 5.  TWGG is a fully functioning limited liability company in the Commonwealth of Pennsylvania. The allegations in the second and third sentences of Paragraph 5 contain

conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations of the second and third sentences of Paragraph 5. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      Defendants Chelsea and Cole deny the allegations in Paragraph 6 except they admit that they are married and residents of the State of South Dakota. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Defendants Chelsea and C&A deny the allegations in the first, third, fourth and fifth sentences of Paragraph 7. C&A was at one time a fully functioning limited liability company in South Dakota. The allegations in the second sentence of Paragraph 7 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants Chelsea and C&A deny the allegations of the second sentence of Paragraph 7. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth and fifth sentences of Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8 except admit that Chelsea and Cole appear in various media outlets and that they are current clients of TWGG.

9.      Defendants Chelsea, Cole, and Dakota Ln deny the allegations in Paragraph 9, but admit that Dakota Ln is an existing limited liability company formed under the laws of the State of South Dakota with a principal address of 333 West Boulevard, Suite 400, Rapid City, South Dakota 57701. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.     Defendants Chelsea, Cole, and Down Home DeBoer's deny the allegations in Paragraph 10, but admit that Down Home DeBoer's is an existing limited liability company formed under the laws of the State of South Dakota with a principal address of 333 West Boulevard, Suite 400, Rapid City, South Dakota 57701. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.     Defendants Chelsea, Cole, and DeBoer Holding deny the allegations in Paragraph 11, but admit that DeBoer Holding is an existing limited liability company formed under the laws of the State of South Dakota with a principal address of 333 West Boulevard, Suite 400, Rapid City, South Dakota 57701. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Defendants Chelsea, Cole, and Aubree Says deny the allegations in Paragraph 12, but admit that Aubree Says is an existing limited liability company formed under the law of the State of Delaware with a principal address of 1401 14th Street NW, Washington, DC 20005. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.     The allegations in Paragraph 13 contain conclusions of law to which no responsive pleading is required and Defendants refer to the referenced contracts for the contents thereof.   To the extent an answer is deemed required, Defendants deny the allegations of Paragraph 13, but admit Defendants TWGG, Dzombak, Cole, Chelsea, and C&A removed this dispute to this Court based on diversity jurisdiction.

14.     The allegations of Paragraph 14 contain conclusions of law to which no responsive pleading is required.  Defendants Down Home DeBoer's, DeBoer Holding, Aubree

Says deny that they are subject to this Court's jurisdiction. To the extent an answer is deemed required, Defendants TWGG, Dzombak, and C&A deny having knowledge or information sufficient to respond to the allegations of Paragraph 14.

15.     The allegations of Paragraph 15 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

16.     Defendants TWGG, Dzombak, Cole, Chelsea and C&A admit the allegations in Paragraph 16.

**FACTS**

**A.      Envy's Contract With TWGG, Envy's Performance, and TWGG's Breaches**

17.     Defendants TWGG and Dzombak admit the allegations in Paragraph 17. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Defendants TWGG and Dzombak deny the allegations in Paragraph 18 except they admit that Exhibit A to the Inter-Company Services Agreement dated November 24, 2015 (referred to by Plaintiff as the "TWGG Contract") was subsequently amended. The purported first written amendment to Exhibit A of the TWGG Contract attached to the Complaint as Exhibit 2 is not fully executed and therefore is not binding upon the contracting parties.

19.     Defendants TWGG and Dzombak deny the allegations in Paragraph 19, and further states that the TWGG Contract speaks for itself.  By way of further answer, the TWGG Contract expressly provides that neither TWGG nor Envy "shall have any obligation to refer a … Client… to the other Party …" TWGG Contract, Ex. 2 to Amended Complaint, ¶ 3(a).  Further, referral of clients under the TWGG Contract is in the "sole discretion" of the referring party. *Id*.

The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

20.     Defendants TWGG and Dzombak deny the allegations in Paragraph 20, and further state that the TWGG Contract speaks for itself. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Defendants TWGG and Dzombak deny the allegations in Paragraph 21, and further state that the TWGG Contract speaks for itself. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Defendants TWGG and Dzombak deny the allegations in Paragraph 22 except TWGG admits that it has not paid any consulting fee to Envy because no consulting fee ever became due. TWGG has no revenues from Clients for which Envy has provided consulting services nor is there any sum due to Envy as an "Envy Consulting Fee".  TWGG further states that, given Plaintiff's material breaches of the TWGG Contract, it has no obligations whatsoever to Envy. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Defendants TWGG and Dzombak admit that Envy agreed to pay TWGG 50% of all revenue Envy collected from Shared Clients, deny the remaining allegations in Paragraph 23, and further state that the TWGG Contract speaks for itself. The TWGG Contract contemplates payment over of Consulting Fees upon receipt of revenue. This dispute arises as a result of Envy's failure to pay over revenue to Chelsea and Cole as well as to TWGG.  By way of further answer, as set forth more fully in Defendant TWGG's Counterclaim, in addition to failing to

provide an accounting, Plaintiff has failed to pay all sums due and owing to TWGG under the TWGG Contract. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendants TWGG and Dzombak deny the allegations in Paragraph 24, and further state that the TWGG Contract speaks for itself. With the exception of Chelsea and Cole, none of the entities or individuals listed in this paragraph are clients of TWGG, and there is no agreement between TWGG and Envy with regard to any of these entities or individuals. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 as the phrase "TWGG's contracts" is vague and undefined; however it is specifically denied that any contract to which TWGG is a party requires the engagement of Envy and TWGG refers to the contract for the contents thereof.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 as the phrase "TWGG's contracts" is vague and undefined; however it is specifically denied that any contract to which TWGG is a party requires the engagement of Envy and TWGG refers to the contract for the contents thereof.

27. Defendants TWGG and Dzombak deny the allegations in Paragraph 27, and it is further specifically denied that Envy diligently performed under the TWGG Contract. In fact, Envy failed to perform as is detailed in the Counterclaims. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29.     Defendants TWGG and Dzombak admit the allegations in Paragraph 29, and further state Plaintiff never successfully referred any clients to TWGG and therefore there were no consulting services to be provided.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendants TWGG and Dzombak deny the allegations in Paragraph 30, which duplicates the allegations in Paragraph 22.  As TWGG has received no revenues from Clients for which Envy has provided consulting services, there is no revenue to be paid to Envy. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

131.     Defendants TWGG and Dzombak deny the allegations in Paragraph 31. By way of further answer, as set forth more fully in Defendant TWGG's Counterclaim, in addition to failing to provide an accounting, Plaintiff has failed to pay all sums due and owing to TWGG under the TWGG Contract, and further failed to pay all sums due and owing to Chelsea and Cole. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendants TWGG and Dzombak deny the allegations in Paragraph 32. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Defendants TWGG and Dzombak deny the allegations in Paragraph 33, and further states TWGG advised Plaintiff of the deteriorating relationship resulting from Plaintiff's and its principal Sara Nemerov's negative interactions with TWGG clients and brands with which clients contracted, in addition to the failure to provide a proper accounting and distribution

of payment for the prior two years. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Defendants TWGG and Dzombak deny the allegations in Paragraph 34, and further state that any issues Plaintiff may have developed with the purported Shared Clients resulted solely from Plaintiff's unprofessionalism and overly aggressive tactics. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Defendants TWGG and Dzombak deny the allegations in Paragraph 35 regarding alleged interference. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.     Defendants TWGG and Dzombak deny the allegations in Paragraph 36 regarding alleged interference. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36.

27.     Defendants deny the allegations in Paragraph 37. By way of further answer, it is believed and averred that Plaintiff has in fact received (and improperly withheld) payments from the following entities/individuals/products/vendors:

- Bombay Hair Wan
- Carseat Canopy
- Date Box
- DIFF
- Fab Fit Fun
- JohnnyFly Co.
- Kitsch
- Kitsch Hats
- Loving Cosmetics a.k.a Loving Tan
- Profile a.k.a. Sanford Health
- Qalo
- Realtor.com a/k/a Reach Labs
- Sintillia
- Sugar Bear Hair

- Teami Blends
- Timeless Organics
- Truefeet
- Vanity Planet

Further, Defendant Chelsea states that she has not been received any payments from several of the listed "Brands"; to the contrary, several of the items/vendors identified reflect Chelsea's personal purchases, rather than paid endorsements, including, but not limited to:

- Driveatank.com
- Jaclyn Cosmetics
- Jaclyn Hill
- Jeff Roe Star
- Kylie Cosmetics
- Kylie Jenner
- Loved by Hanna and Eli
- Morphe Brushes
- Perfekt Beauty
- Pip and Dibby
- @pride_built
- Peloton
- Tarte Cosmetics
- Urban Decay

38.    Defendants TWGG and Dzombak deny the allegations in Paragraph 38 regarding alleged interferences. TWGG admits that Plaintiff owes money to TWGG. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 regarding Plaintiff's purported needs for information.

39.    The allegations in Paragraph 39 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 39. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.    Defendants TWGG and Dzombak deny the allegations in Paragraph 40. By way of further answer, Defendant TWGG states that it has repeatedly requested proper accounting

from Plaintiff and related payments that were and remain due and owing to TWGG, Chelsea, Cole and C&A, and despite TWGG's requests, Plaintiff has failed to fulfill her contractual obligations.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.    The allegations in Paragraph 41 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 41.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.    Defendants TWGG and Dzombak deny the allegations in Paragraph 42.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    Defendants TWGG and Dzombak deny the allegations in Paragraph 43, and further state that Plaintiff has been in breach of the TWGG Contract since as early as June 29, 2017, when it failed to provide an accounting and/or the required payments at the conclusion of the first quarter. *See* TWGG Contract, Ex. 1 to Complaint, ¶ 7(b) (requiring detailed statements and related payments within ninety (90) days after the last day of each calendar quarter). The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Defendants TWGG and Dzombak deny the allegations in Paragraph 44. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    Defendants TWGG and Dzombak deny the allegations in Paragraph 45, and further states that TWGG's only revenue from Chelsea and Cole is that which Envy paid over pursuant to the TWGG Contract. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

36.    Defendants TWGG and Dzombak deny the allegations in Paragraph 46. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.    Defendants TWGG and Dzombak deny the allegations in Paragraph 47, and further states TWGG does not owe any consulting fee to Plaintiff. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.    Defendants TWGG and Dzombak deny the allegations in Paragraph 48 except that it admits that TWGG has not paid any consulting fees to Plaintiff because no such fees are due and owing. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.    The allegations in Paragraph 49 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations of Paragraph 49.

50.    Defendants TWGG and Dzombak deny the allegations in Paragraph 50. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     Defendant Dzombak denies the allegations in Paragraph 51. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations of Paragraph 52.

53.     Defendants TWGG and Dzombak deny the allegations in Paragraph 53. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53.

54.     The allegations in Paragraph 54 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 54. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 contain conclusions of law to which no responsive pleading is required. By way of further specific response, the TWGG Contract expressly provides that neither TWGG nor Envy "shall have any obligation to refer a … Client to the other Party …" TWGG Contract, Ex. 2 to Amended Complaint, ¶ 3(a).  Further, referral of clients under the TWGG Contract is in the "sole discretion" of the referring party. *Id*. To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 55. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants TWGG

and Dzombak deny the allegations of Paragraph 56. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

## B.    Houska's and DeBoer's Contracts With Envy, Envy's Performance, and Houska and DeBoer's Breaches

57.    Defendant Chelsea admits the allegations in Paragraph 57. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.    Defendant Cole denies the allegations in Paragraph 58 except admits that he entered into a contract with Envy with an effective date of April 28, 2016. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.    Defendant Chelsea denies the allegations in Paragraph 59, and further states that her contract with Plaintiff, dated January 1, 2015 (referred to by Plaintiff as the "Houska Contract") speaks for itself. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.    Defendant Cole denies the allegations in Paragraph 60, and further states that his contract with Plaintiff, dated April 28, 2016 (referred to in the Complaint as the "DeBoer Contract") speaks for itself. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.    Defendants Chelsea and Cole deny the allegations in Paragraph 61. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.    Defendants Chelsea and Cole deny the allegations in Paragraph 62, and further state that the Houska and DeBoer Contracts speak for themselves. The remaining Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     Defendants Chelsea and Cole deny the allegations in Paragraph 63, and further state that the Houska and DeBoer Contracts speak for themselves. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     The allegations in the first sentence of Paragraph 64 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants Chelsea and Cole deny those allegations. Defendants Chelsea and Cole deny the allegations in the second sentence of Paragraph 64, and further state they do not owe any payments to Envy. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 64.

65.     Defendant Chelsea denies the allegations in Paragraph 65, and further states that the Houska Contract speaks for itself.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Defendant Cole denies the allegations in Paragraph 66, and further states that the DeBoer Contract speaks for itself. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Defendants Chelsea and Cole deny the allegations in Paragraph 67. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 contain conclusions of law to which no responsive pleading is required.  In further response, Envy wrongfully withheld payments due to

this Defendant. To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 68. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 contain conclusions of law to which no responsive pleading is required.  In further response, Envy wrongfully withheld payments due to Chelsea. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 69. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     Defendants Chelsea and Cole deny the allegations in Paragraph 70. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Defendants Chelsea and Cole lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as the phrase "certain agreements" is vague and undefined.  By way of further answer, neither the Houska Contract nor the DeBoer Contract includes the children of Chelsea and Cole as "Property" for licensing purposes. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.     Defendants TWGG and Dzombak deny the allegations in Paragraph 72, and further state Plaintiff is not owed any money under the TWGG Contract. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.     Defendants TWGG and Dzombak deny the allegations in Paragraph 73, and further state that any and all actions taken by TWGG on behalf of its clients were prompted by:

Plaintiff's failure to provide services to TWGG's clients; its failure to provide timely and accurate accounting information or to make payments as required; and as a further result of Plaintiff's unprofessionalism and overly aggressive tactics, all in violation of the TWGG Contract. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.    Defendants TWGG and Dzombak deny the allegations in Paragraph 74, and further state that any and all actions taken were prompted by: Plaintiff's failure to provide services to TWGG's clients; its failure to provide timely and accurate accounting information or to make payments as required; and as a further result of Plaintiff's unprofessionalism and overly aggressive tactics, all in violation of the TWGG Contract. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

**Chelsea and DeBoer Incorporate the Concealed Entities to Hide Revenue from Envy**

75.    Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff learned through discovery as alleged in Paragraph 75. By way of further answer, Defendants TWGG, Dzombak, Chelsea, Cole and C&A deny that they wrongfully failed to disclose the existence of any relevant entities. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants deny the allegations of Paragraph 80.

### Veil Piercing as to C&A and the Concealed Entities

81.     Defendants Chelsea, Cole, C&A Enterprise, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 81. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     Defendants C&A Enterprise, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 82. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Defendants Chelsea, Cole, C&A Enterprise, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 83. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Defendants Chelsea, Cole, C&A Enterprise, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 84. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     Defendants Chelsea, Cole, C&A Enterprise, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 85. The remaining

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.     Defendants Chelsea, Cole, and C&A Enterprise deny the allegations in Paragraph 86. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

## CLAIMS

### First Claim – Breach of Contract (Against TWGG and Dzombak)

87.     In response to Paragraph 86, TWGG and Dzombak incorporate by reference their respective responses to Paragraphs 1 through 86, inclusive, of the Amended Complaint.

88.     The allegations in Paragraph 88 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 88.

89.     Defendants TWGG and Dzombak deny the allegations in Paragraph 89, and further state that, contrary to Plaintiff's contention, TWGG was never obligated to pay a purported consulting fee in connection with a client of Plaintiff's because Plaintiff never successfully referred anyone to TWGG for management services and TWGG was already the talent manager for the clients identified on Exhibit A to the TWGG Contract.

90.     Defendants TWGG and Dzombak deny the allegations in Paragraph 90 except that Defendant TWGG admits that it has not paid any consulting fees to Plaintiff because no such fees are due and owing.

91.     The allegations in Paragraph 91 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 91.

92.     The allegations in Paragraph 92 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 92.

93.     Defendants TWGG and Dzombak deny the allegations in the first and second sentences of Paragraph 93. The remaining sentences of Paragraph 93 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants TWGG and Dzombak deny those allegations.

94.     The allegations in Paragraph 94 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny the allegations of Paragraph 94.

95.     Defendants TWGG and Dzombak admit the allegations in the first sentence of Paragraph 95, and further state Plaintiff's demand for an audit was improper because TWGG did not make any payments to Plaintiff and the TWGG Contract only provides for an audit for the purposes of "confirming the accuracy of the payments of consulting fee payments." The allegations in the second sentence of Paragraph 95 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny those allegations.

96.     Defendants TWGG and Dzombak deny the allegations in Paragraph 96 except they admit Plaintiff made unfounded allegations concerning TWGG's alleged breach of the TWGG Contract, but only after TWGG demanded payment from Envy of wrongfully withheld funds

97.     Defendants TWGG and Dzombak deny the allegations in Paragraph 97.

98.     Defendants TWGG and Dzombak deny the allegations in Paragraph 98, and further state that no breaches have occurred therefore Envy could suffer no damages.

99.     Defendants TWGG and Dzombak deny the allegations in Paragraph 99, and further state that because no breaches occurred, Envy suffered no damages.

100.    Defendants TWGG and Dzombak deny the allegations in Paragraph 100, and further state that because no breaches occurred, Envy could suffer no damages. By way of further answer, the TWGG Contract does not provide for Plaintiff to recover its attorneys' fees in the event of breach.

101.    Defendants TWGG and Dzombak deny the allegations in Paragraph 101.

**Second Claim – Breach of Contract (Against Houska and the Concealed Entities)**

102.    In response to Paragraph 102, Defendant Chelsea incorporates by reference her responses to Paragraphs 1 through 101, inclusive, of the Amended Complaint.

103.    The allegations in Paragraph 103 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 103.

104.    The allegations in Paragraph 104 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 104.

105.    The allegations in Paragraph 105 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 105. By way of further answer, the Houska Contract does not provide for Chelsea to make payments to Plaintiff, rather, it provides for Plaintiff to pay Chelsea

60% or 65% of "all money paid to and all cash credited to [Plaintiff] or any affiliate of [Plaintiff]… under any Licensing Agreement…"

106.    Defendant Chelsea denies the allegations in Paragraph 106.

107.    Defendant Chelsea denies the allegations in Paragraph 107, and further states that no agreement exists with regard to Chelsea's children.

108.    The allegations in Paragraph 108 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 108.

109.    The allegations in Paragraph 109 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 109.

110.    The allegations in Paragraph 110 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 110.

111.    The allegations in Paragraph 111 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 111.

112.    Defendant Chelsea denies the allegations in Paragraph 112, and further state that she did not breach any contracts.

113.    The allegations in Paragraph 113 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants Chelsea, C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny those allegations.

114.     Defendants Chelsea and C&A deny the  allegations in Paragraph 114 and refer to the referenced agreements for the contents thereof.

115.     Defendants Chelsea, C&A Enterprise, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 115 and refer to the referenced agreements for the contents thereof.

116.     The allegations in Paragraph 116 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendant Chelsea denies the allegations of Paragraph 116. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

117.     Defendants Chelsea, Defendants Chelsea, C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 117, and further state that Plaintiff has suffered no damages.

### Third Claim – Breach of Contract (Against DeBoer)

118.     In response to Paragraph 118, Defendants Cole, C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says incorporate by reference their responses to Paragraphs 1 through 117, inclusive, of the Amended Complaint.

119.     The allegations in Paragraph 119 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 119. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

120.    The allegations in Paragraph 120 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants Cole, Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny those allegations.

121.    The allegations in Paragraph 121 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 121. By way of further answer, the DeBoer Contract does not provide for Cole to make payments to Plaintiff, rather, it provides for Plaintiff to pay Cole 60% or 65% of "all money paid to and all cash credited to [Plaintiff] or any affiliate of [Plaintiff]… under any Licensing Agreement…"Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

122.    Defendant Cole denies the allegations in Paragraph 122, and further states that Envy has suffered no damages. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

123.    Defendant Cole denies the allegations in Paragraph 123, and further states that no agreement exists with regard to Cole's children. Defendants C&A, Dakota Ln, Down Home DeBoer's, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

124.    The allegations in Paragraph 124 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 124. Defendants C&A, Dakota Ln, Down Home DeBoer's,

DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

125.    The allegations in Paragraph 125 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 125. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

126.    Defendant Cole denies the allegations in Paragraph 126, and further state that he did not breach any contract. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

127.    The allegations in Paragraph 127 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations and further state that he did not breach the DeBoer Contract. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

128.    Defendant Cole denies the allegations in Paragraph 128, and further states that he did not breach any contract.

129.    The allegations in Paragraph 129 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 129. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

130.    Defendants Cole, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 130 and refer to the referenced agreements for the contents thereof.

131.    Defendant Cole denies the allegations of Paragraph 131. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

132.    The allegations in Paragraph 132 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendant Cole denies the allegations of Paragraph 132. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

133.    Defendants Cole, Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny the allegations in Paragraph 133, and further state that Plaintiff has suffered no damages.

**<u>Fourth Claim – Tortious Interference With Contractual and Business Relationships</u>**
**<u>(Against TWGG and Dzombak)</u>**

134.    In response to Paragraph 134, TWGG and Dzombak incorporate by reference their respective responses to Paragraphs 1 through 133, inclusive, of the Amended Complaint.

135.    Defendants TWGG and Dzombak deny the allegations in Paragraph 135 except they admit that Plaintiff entered into contractual relationships with Defendants Chelsea and Cole.

136.    Defendants TWGG and Dzombak deny the allegations in Paragraph 136 except admit they were aware of Plaintiff's relationships with Defendants Chelsea and Cole.

137.    The allegations in the first sentence of Paragraph 137 contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required,

Defendants TWGG and Dzombak deny those allegations. Defendants TWGG and Dzombak deny the allegations in the second, third and fourth sentences of Paragraph 137, and further state Plaintiff woefully failed to perform its obligations under the TWGG Contract given its failure to provide timely and accurate account information and/or to pay its clients.

138.    Defendants TWGG and Dzombak deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 contain conclusions of law to which no responsive pleading is required.  To the extent an answer is deemed required, Defendants TWGG and Dzombak deny those allegations.

140.    Defendants TWGG and Dzombak deny the allegations in Paragraph 140.

141.    Defendants TWGG and Dzombak deny the allegations in Paragraph 141 except that Defendants TWGG and Dzombak lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 concerning Plaintiff's purported damages, and further state that Envy has suffered no damages as the result of any action by TWGG or Dzombak.

## Fifth Claim – Tortious Interference with Contractual and Business Relationships (Against C&A and Concealed Entities)

142.    In response to Paragraph 142, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 141, inclusive, of the Amended Complaint.

143.    Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 143.

144.    Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 143, inclusive, of the Amended Complaint.

145.   Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145.

146.   Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 146.

147. Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 147.

148.   Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 148.

149.   Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 149 and further state that Envy did not suffer any damages.

150.   Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 150 and further state that Envy did not suffer any damages.

151.   Defendants C&A, Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubrey Says deny the allegations in Paragraph 151 and further state that Envy did not suffer any damages.

**<u>Sixth Claim – Unjust Enrichment/Quantum Meruit (Against All Defendants)</u>**

152.   In response to Paragraph 152, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 151, inclusive, of the Amended Complaint.

153.   Defendants TWGG, Dzombak, Chelsea, Cole and C&A deny the allegations in Paragraph 153 except they admit Plaintiff had some involvement with certain licensing deals for

Defendants Chelsea, Cole and C&A. Defendants Dakota Ln, Down Home DeBoer's, DeBoer Holding, and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

154.    Defendants TWGG and Dzombak deny the allegations in Paragraph 154. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155.    Defendants Chelsea and Cole deny the allegations of Paragraph 155. By way of further answer, Plaintiff has actually harmed the professional careers of Defendants Chelsea and Cole by withholding considerable payments from them and acting in an unprofessional manner, including but not limited to, arguing with and acting disrespectfully toward Chelsea and Cole, potential and then-existing licensing contacts, and other professional contacts of Chelsea and Cole; and failing to pay legal fees incurred by Plaintiff.  Defendants Dzombak, TWGG, C&A, Down Home DeBoer's, DeBoer Holding, Dakota Ln and Aubree Says deny having knowledge or information sufficient to form a belief as to those allegations.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157. The only revenue earned by Defendants as a result of Plaintiff's efforts is that revenue which Plaintiff has paid over to Defendants together with that revenue that Plaintiff has wrongfully withheld.

158.    Defendants deny the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 represent a prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 159.

## GENERAL DENIAL

160.    Defendants deny each and every allegation, statement, matter and thing in the Amended Complaint not expressly admitted or qualified herein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of any matters where that burden rests on Plaintiff, to the extent applicable to themselves, Defendants assert the following affirmative defenses with respect to the claims Plaintiff purports to assert in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

161.    The Amended Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

162.    Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

163.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (No Damages Suffered)

164.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith)

165.    Plaintiff's claims are barred, in whole or in part, because Defendants, at all times relevant hereto, acted reasonably and in good faith.

## SIXTH AFFIRMATIVE DEFENSE
### (No Entitlement to Punitive Damages)

166.    Plaintiff's claim for punitive damages against Defendants TWGG and Dzombak is barred because their alleged actions with respect to Plaintiff have in all respects been lawful, were undertaken in good faith, lacked ill will or reckless disregard of Plaintiff's rights, and do not demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.  Any award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the correspondence provision of the New York State Constitution.

167.    Plaintiff's claim for punitive damages against TWGG is also barred because Plaintiff expressly waived its right to recover punitive damages against TWGG pursuant to ¶ 9(k) of the TWGG Contract, Ex. 1 to Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Register as Employment Agency)

168.    Plaintiff's claims are barred in whole or part because it is not a registered employment agency in New York State or in any other jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

169.    Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

170.     Defendants Aubree Says, Down Home DeBoer's, DeBoer Holding and Dakota Ln are not subject to this Court's personal jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

171.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them and therefore each Defendant expressly reserves the right to amend and/or supplement their respective answers, defenses, and all other pleadings and reserves the right to assert any and all additional defenses under any applicable law in the event that discovery indicates that such defenses would be appropriate.

## AMENDED COUNTERCLAIMS

Counterclaimants Chelsea, Cole, C&A and TWGG (collectively, "Counterclaim Plaintiffs"), by their undersigned counsel, for their Counterclaims aver as follows:

## BACKGROUND FACTS

172.     Chelsea and Cole are well known celebrities who have routinely appeared on reality television shows and other media for over a decade.

173.     TWGG is a talent management company that provides an array of services on behalf of talented individuals, business entities and groups, including, *inter alia*, negotiating contract terms; developing and coordinating publicity campaigns; and coordinating requests for endorsements. *See* TWGG Contract, Ex. 1 to Amended Complaint, Recitals.

174.    Chelsea and Cole are longstanding clients of TWGG.  Although TWGG had been advising Chelsea for several years on a gratuitous basis, Chelsea officially retained TWGG as her exclusive management company by agreement dated June 24, 2015.

175.    TWGG has served, and continues to serve, as the exclusive manager of Chelsea and Cole.

176.    In early 2015, Plaintiff, a company with virtually no experience representing celebrity talents, approached TWGG concerning the possibility of working together for certain talents, including Chelsea and Cole.  Plaintiff desired to increase its exposure in the industry and felt that a relationship with TWGG would catapult Plaintiff to the next level.

A.    **The Inter-Company Services Agreement (Referred to as the "TWGG Contract" by Plaintiff) and Plaintiff's Obligations to TWGG**

177.    TWGG and Plaintiff entered into an Inter-Company Services Agreement dated November 24, 2015 (the "TWGG Contract"; Amended Complaint Exhibit 1).

178.    As reflected in the preamble of the TWGG Contract, TWGG and Plaintiff believed that their respective principal lines of business *may benefit* from certain consulting services of the other party.  TWGG Contract, Recital, ¶ 3.  (Emphasis supplied)

179.    For purposes of the TWGG Contract, TWGG's "Principal Line of Business" entailed providing certain talent management services to talent, including but not limited to, negotiated terms and preparing and approving contracts for represented individuals, business entities and groups; and monitoring and collaborating with all others who have responsibilities for the careers of the talent.  TWGG Contract, Recital, ¶ 1.  Plaintiff's Principal Line of Business only entailed pursing licensing opportunities for owners of intellectual property.  *Id*. at ¶ 1.  Hereinafter, TWGG's Principal Line of Business is referred to as "Talent Management Services and Plaintiff's Principal Line of Business is referred to as "Licensing Services".

- 33 -

180.    Under the TWGG Contract, the parties agreed to share revenues under two scenarios.  The first scenario concerned a referral fee paid to the referring party for having an existing client enter into an agreement with the other party for the provision of services relating to that party's Principal Line of Business ("Referral Fees").  *Id*. at ¶ 3.  The other scenario concerned the provision of consulting services, within their respective Principal Lines of Business, to "Signed Clients" ("Consulting Services).  *Id. at* ¶ 4.

181.    The TWGG Contract provides for TWGG and Envy to specifically identify their respective clients and the agreed upon fees by attaching an exhibit to the agreement.  *Id*. at ¶ 3.

182.    Accordingly, TWGG and Envy executed a document entitled "Exhibit A" which identifies Defendant Chelsea and another talent as clients to whom both TWGG and Envy Consults (the "Signed Client List").  A copy of the Signed Client List is attached hereto as Exhibit A and incorporated herein by reference.

183.    Notably, under the third column of each table set on the Signed Client List, both parties identified the percentage of revenue shares due to the other party pursuant to Section 3(c) – *i.e.* the Referral Fees – as 0%.  Signed Client List, Ex. A.

184.    Thus, at the time of execution, it was agreed and understood that neither TWGG nor Plaintiff would owe any Referral Fees to the other in connection with Chelsea.

185.    TWGG and Plaintiff only agreed to share revenues at the rate of 50% in connection with Consulting Services for Chelsea. *Id*.

186.    Contrary to Plaintiff's strained construction of the TWGG Contract, it was always agreed and understood that Plaintiff would not be entitled to receive any portion of revenues earned and/or received by TWGG in connection with its provision of Management Services to

Chelsea, whether such services were performed prior, during or after the expiration of the TWGG Contract.

187. Specifically, in recognition of TWGG's status as Chelsea's exclusive manager and to avoid any uncertainty as to the parties' fee arrangement, as to TWGG's potential obligation to pay Plaintiff for Consulting Services, the Signed Client List provides:

> *To prevent "double dipping", Envy's fee shall be calculated on gross revenue paid by a Signed Client to TWGG *less* any management fee earned as a result of any licensing or endorsement deal done by Envy under its representation with such Signed Client. For example, if Envy brings a licensing deal to [Chelsea Houska] that earns [Chelsea Houska] $100, Envy shall not share under this Agreement in any management fee paid to TWGG out of such $100.

*Id*. (emphasis in the original).

188. Thus, under the TWGG Contract, the only occurrence that would trigger any obligation for TWGG to pay a Consulting Fee to Plaintiff would arise where Plaintiff negotiated a licensing deal on behalf of TWGG's talent and the resulting funds were *paid directly to* TWGG. *Id*. That did not occur here. Rather, Plaintiff negotiated various licensing deals, received the related funds, and failed to distribute the amounts due and owing to the other talent and TWGG. Chelsea did not pay any money directly to TWGG nor did TWGG collect any money on the talent's behalf for any deals that Envy was involved in or negotiated.

189. There were no qualifications placed on Plaintiff's obligation to pay TWGG for Plaintiff's provision of Consulting Services to Chelsea. *Id*. On the contrary, Envy agreed to pay TWGG 50% of all revenue she received in connection with Licensing Services she provided on behalf of Chelsea. *Id*.

190. Further, within 90 days after the last day of each calendar quarter during the term, Plaintiff was required: (1) to provide detailed statements to TWGG showing the total gross

revenue Plaintiff received from clients for which she performed Consulting Services ("Account Statements"); and (2) pay the associated consulting fee.  TWGG Contract, ¶ 7(b).

**B.      Plaintiff's Failure to Provide Account Statements**

191.    The TWGG Contract's effective date is November 24, 2015.  Thus, Plaintiff was required to provide Account Statements and related payments beginning with ninety (90) days after the end of the first quarter of 2016.

192.    Plaintiff initially fulfilled its obligations by providing Account Statements and related payments for the first, second and third quarters of 2016.

193.    Beyond that, Plaintiff's accounting became non-existent.  Indeed, Plaintiff failed to provide **any** Account Statements for the year 2017.

194.    TWGG repeatedly demanded that Plaintiff fulfill its contractual obligation to provide Account Statements.

195.    Without limiting the generality of the foregoing, on December 13, 2017, Dzombak requested a meeting with Sara Nemerov, Plaintiff's principal, because he felt that it was "ridiculous" that Plaintiff failed to provide any statements for 2017.

196.    At that time, Nemerov led TWGG to believe that she was "working on monies for this quarter w[ith her] accountant."

197.    Yet, on February 8, 2018 (just a few weeks later), in response to another TWGG request, Nemerov indicated that she fired her accountant and that she was working with a new one on the outstanding Account Statements.

198.    When TWGG inquired again in late February 2018, Nemerov used a surgery as an excuse for not providing the Account Statements.

199.   Plaintiff promised to provide the Account Statements in early March 2018 but failed to do so.

200.   201.   TWGG inquired again on April 13, 2018, and Nemerov simply replied "After taxes, not yet".

202.   Even after-tax week, the Account Statements were not provided.  TWGG again followed up on April 19th and was told on April 20th that TWGG "Should have [them] next week."

203.   TWGG inquired again at the beginning of May 2018 and on May 8, 2018, Nemerov again placed the blame on her accountant and noted "he promised [her] early next week."204.   After repeated and numerous demands, Envy provided an Account Statement to TWGG on July 9, 2018 (the "July 2018 Statement).

205.   The July 2018 Statement did not state what time period it covered.  It did not include a column to reflect the amounts that were due to TWGG.

206.   The July 2018 Statement contained glaring math errors, which resulted in Chelsea being underpaid by $2,524.31.

207.   Further, although Plaintiff wired Chelsea's payment to her, Plaintiff purportedly put a check in the mail for TWGG's payment.

208.   Further, Plaintiff never sent Cole the funds that were due and owing to him.

209.   On August 21, 2018, Envy emailed a revised version of the July 2018 Statement to TWGG and wired $9,072.85 to TWGG, which was less than the amount Envy actually owed.

210.   Plaintiff failed to provide any Account Statements thereafter and has withheld funds from Counterclaim Plaintiffs.

C.   **The Licensing Rep Agreements and Related Licensing Deals**

211.    Plaintiff and Chelsea entered into a Memorandum of Understanding (the "Chelsea MOU") which provides for Plaintiff to serve as Chelsea's exclusive agent for purposes of locating, negotiating and consummating licensing agreements. An unsigned copy of the Chelsea MOU is attached to the Complaint as Exhibit 4.

212.    Under the terms of the Chelsea MOU, Envy was required to pay Chelsea 65% of the money paid to Envy in connection with a licensing agreement (or 60% where a subagent was involved).  Chelsea MOU,  Ex. A, p. 4.

213.    Conversely, Plaintiff would earn either 35% or 40% on such deals. *Id*.  Under the terms of the TWGG Contract, 50% of Envy's earnings on such deals should have been paid to TWGG.  TWGG Contract,  ¶ 7(b); Signed Client List, Ex. A.

214.    Envy entered into a substantially identical Memorandum of Understanding with Cole.  *See e.g.*, Amended Complaint, Ex. 5 (re: Cole's MOU).

215.    Upon information and belief, Plaintiff, on behalf of Chelsea and Cole, negotiated licensing deals with various entities, including but not limited to Profile Products, LLC; Waisted by KEKE; Dastmalchi, LLC; Fabfitfun, Inc.; True Feet Brand; and Johnny Flyco.

**D.    Plaintiff's Breaches of Contract and the Implied Covenant of Good Faith and Fair Dealing**

216.    Under the TWGG Contract, Plaintiff agreed to "bear all of its own costs and expenses in connection with its provision of Consulting Services."  TWGG Contract, , ¶ 4(b).

217.    In 2017, Plaintiff retained the services of the law firm of Haynes and Boone, LLP in connection with consulting services it provided for Chelsea.

218.    At the conclusion of the representation, Haynes and Boone issued invoice No. 21332489 in the amount of $9,724.50 to Plaintiff.

219.   Notwithstanding Plaintiff's contractual obligations to bear its own costs, repeated demands from Haynes and Boone for payment, and promises of forthcoming payment from Plaintiff, Plaintiff failed to remit payment.  Counterclaim Plaintiffs have since negotiated and paid a confidential and compromised amount in satisfaction of the claim.

220.   Plaintiff also agreed to provide Account Statements and related payments to TWGG.  *See* TWGG Contract, ¶ 7(b); Signed Client List, Ex. A.  Despite repeated demand, however, Plaintiff failed to provide Account Statements and has withheld payments due and owing to TWGG and its represented talent.

221.   To the extent Plaintiff did provide an Account Statement, it is believed and averred that Envy intentionally omitted numerous deals and/or revenues from the Account Statements for the sole purpose of depriving Chelsea, Cole, and TWGG from receiving funds rightfully due and owing to them.

222.   Specifically, Counterclaim Plaintiffs' investigation into Plaintiff's improper conduct revealed that Plaintiff has withheld portions of payments it received from, *inter alia*, the following licensors:  Loving Cosmetics; Profile; Qalo; Diff; Johnny Fly Co.; and Kitsch.

223.   As a result of Plaintiff's improper conduct, Counterclaim Plaintiffs have collectively sustained damages that are in excess of $240,000, as set forth below, in addition to any additional amounts that may be subsequently uncovered via discovery or otherwise:

| Products/Vendors | Sums Paid to Plaintiff | Sums Due to TWGG | Sum Due to Talent |
|---|---|---|---|
| Loving Cosmetics (Loving Tan) | $ 10,000.00 | $ 1,750.00 | $ 6,500.00 (to Chelsea) |
| Profile | $ 83,300.00 | $ 14,577.50 | $ 54,145.00 (to Chelsea) |
| Qalo | $ 5,000.00 | $ 875.00 | $ 3,250.00 (to Chelsea) |
| Diff | $ 86,000.00 | $ 15,050.00 | $ 55,900.00 (to Chelsea) |

| | | | |
|---|---|---|---|
| Johnny Fly Co. | $ 741.76 | $ 129.81 | $ 482.14 (to Chelsea) |
| Kitsch | $ 11,715.35 | $ 2,050.19 | $ 7,614.98 (to Cole) |
| Vanity Planet | $37,316.13 | $6,530.32 | $24,255.84 |
| Car Seat Canopy | $20,000.00 | $3,500.00 | $13,000.00 |
| FabFitFun | $27,000.00 | $4,725 | $17,550 |
| Realtor.com a/k/a Reach Labs | $5,000 | $875 | $3,250 |
| Date Box | $5,000 | $875 | $3,250 |
| TruFeet | $202.96 | $35.52 | $131.92 |
| | | | |
| **Total Due to TWWG/Talent** | | | **$240,302.96** |

### FIRST COUNTERCLAIM
### <u>Breach of Contract</u>
### (Chelsea, Cole & C&A Against Envy)

224.    Counterclaim Plaintiffs Chelsea, Cole and C&A incorporate by reference Paragraphs 172 through 223 of this Counterclaim as though fully set forth at length herein.

225.    The licensing rep agreements are valid and enforceable agreements between Chelsea, Cole, and Plaintiff.

226.    As detailed herein, Plaintiff has materially breached the terms of the licensing rep agreements by failing to pay either Chelsea or Cole, or their designated payee C&A, which Plaintiff agreed to pay and to which Plaintiff did render certain payments, the amounts rightfully due and owing to them.

227.    Chelsea and Cole have performed all conditions precedent to their right to receive payment from Plaintiff.

228.    As a direct and proximate result of Plaintiff's breaches of the licensing rep agreements, Counterclaim Plaintiffs Chelsea, Cole and C&A have suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## SECOND COUNTERCLAIM
### Breach of Contract
### (TWGG Against Envy)

229.    Counterclaim Plaintiff TWGG incorporates by reference Paragraphs 172 through 228 of this Counterclaim as though fully set forth at length herein.

230.    The TWGG Contract is a valid and enforceable agreement between TWGG and Plaintiff.

231.    As detailed herein, Plaintiff materially breached the terms of the TWGG Contract by, *inter alia*:

- Failing to maintain and provide the required detailed Account Statements;

- Failing to pay consulting fees due and owing to TWGG; and

- Failing to pay costs incurred by Plaintiff in connection with its provision of consulting services, such as the Haynes and Boone legal fees.

232.    TWGG has performed all conditions precedent to its right to receive payment from Plaintiff.

233.    As a direct and proximate result of Plaintiff's breaches of the TWGG Contract, Counterclaim Plaintiff TWGG has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment:

(A)    Dismissing the Amended Complaint in its entirety with prejudice and awarding Defendants their costs and expenses of this action, including attorneys' fees and disbursements; and

(B)    Awarding Defendants monetary damages on their Amended Counterclaims in an amount to be determined at trial, together with all

pre-judgment interest allowable by law and attorneys' fees and costs of

suit as allowable by law;

(C)     Awarding such other relief as the Court deems just and proper.

Dated: New York, New York
       October 11, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/Peter T. Shapiro
    Peter T. Shapiro
    77 Water Street, Suite 2100
    New York, New York 10005
    (212) 232.1300
    Peter.Shapiro@lewisbrisbois.com
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS** was served this 11th day of October, 2022, via ECF upon the following:

Matthew J. McDonald, Esq.
Klehr Harrison Harvey Branzburg LLP
5 Penn Plaza
461 8th Ave., 23rd Floor
New York, NY  10001

/s/ Peter T. Shapiro
PETER T. SHAPIRO