

Matthew J. McDonald
**Direct Dial**: 215-569-4287
**Email**: MMcdonald@klehr.com

October 14, 2022

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>     Re:   Envy Branding LLC v. The William Gerard Group LLC et al., Case No.
>           1:20-cv-03182 (JLR) (SLC)

Dear Judge Rochon:

We represent Plaintiff Envy Branding LLC and write jointly with Defendants pursuant to the Court's October 11, 2022 Order (ECF No. 60).

## Background

A. Plaintiff's Description of Plaintiff's Claims

Plaintiff initiated this litigation to recover its contractual share of licensing revenue. Plaintiff agreed to provide certain services, including identifying, negotiating, and overseeing licensing agreements for the Chelsea Houska DeBoer, Cole DeBoer (the "DeBoers"), and their children, with respect to each of their likenesses, voices, images and brands, among other things. In exchange, Plaintiff was entitled to receive 35% of all of the licensing revenue and the exclusive right to negotiate on each of their behalf. Defendants breached the agreements by failing to pay Plaintiff its share of over $6,000,000 of licensing fees. The DeBoers also improperly terminated their agreements with Plaintiff in response to demands for payment, created a series of entities to divert and hide revenue from Plaintiff, and interfered with Plaintiff's relationships with third parties. Plaintiff brought its claims against both the DeBoers and the entities through which did business and diverted and hid revenue.



Plaintiff further seeks to recover its share of revenue collected by Defendants William Dzombak and The William Gerard Group (collectively "TWGG") that TWGG was contractually obligated to split with Plaintiff, including all revenue TWGG generated from the DeBoers.

B.  Defendants' Description of Defendants' Counterclaims

Defendants deny the allegations of the Amended Complaint and assert that Envy failed to perform under its agreements with Defendants. Envy is not entitled to the payments it seeks for payments the DeBoers received for appearances on a television program under an arrangement that preexisted the relationship with Plaintiff. Also, TWGG and Envy entered into the Inter-Company Services Agreement dated November 24, 2015 to share revenues under two scenarios: (1) a referral fee was to be paid to the referring party for having an existing client enter into an agreement with the other party for the provision of services relating to that party's Principal Line of Business; and (2) the provision of consulting services within their respective Principal Lines of Business, to "Signed Clients". They agreed that they would not share revenue or referral fees; instead, TWGG and Envy would share 50% of the revenues in connection with Consulting Services for Chelsea only. Under this agreement, Envy would not be entitled to receive any portion of revenues earned and/or received by TWGG in connection with its provision of Management Services to Chelsea. Thus, TWGG is obligated to pay a Consulting Fee to Plaintiff only if Envy negotiated a licensing deal on behalf of TWGG's talent and the resulting funds were paid directly to TWGG. That never happened. Instead, while Plaintiff did negotiate various licensing deals on behalf of Chelsea and Cole, the parties with whom those deals were made paid Envy directly. Envy breached the agreements because it failed to distribute the amounts due and owing to the DeBoers and TWGG.

Further, Plaintiff was required to provide detailed statements to TWGG to show the total gross revenue received from each client at the end of each quarter. Plaintiff failed to provide any Account Statements for 2017 onwards despite TWGG and the DeBoers' repeated requests for same. After almost two years of repeated rebuffed requests, Envy finally provided an account statement in July 2018. That statement failed to provide relevant information such as the time period covered or the amounts due to Defendants and contained mathematical errors which resulted in underpayments. Envy has never provided a revised account statement or any explanation for the underpayments.

Envy also failed to pay Chelsea and Cole their share of earnings as required under separate agreements that Plaintiff entered into with them. Envy was required to pay Chelsea 65% of the money paid to Envy in connection with a licensing agreement (or 60% where a subagent was involved). Conversely, Envy would earn either 35% or 40% on such deals. Under the terms of the



TWGG Contract, 50% of Envy's earnings on such deals should have been paid to TWGG. Envy entered into a substantially identical MOU with Cole on April 28, 2016. As agent, Plaintiff, on behalf of Chelsea and Cole, negotiated licensing deals with various entities. However, Envy failed to pay Chelsea, Cole, or TWGG the income generated from those deals as it was required to do.

Defendants' Counterclaims seeks damages in excess of $240,000, based on sums due from clients. Documents produced during discovery demonstrate that Envy failed to disclose and pay even greater sums than previously known. Defendants suspect that they are owed even more than that which would be disclosed via a proper and complete accounting.

### Jurisdiction

Diversity jurisdiction properly rests with this Court. The case was initially filed in state court but was removed by Defendants on the basis of diversity. Venue is proper because the parties consented to the jurisdiction of this Court, Plaintiff is a New York resident, and the majority of relevant events took place in New York. TWGG is a limited liability company organized under Pennsylvania law with its principal place of business in Pittsburgh, Pennsylvania. William Dzombak is a resident and citizen of Pennsylvania. Chelsea DeBoer and Cole DeBoer are residents and citizens of South Dakota. C&A Enterprises LLC is a limited liability company formed under the laws of South Dakota with its principal place of business in South Dakota the members of which are not New York domiciliaries. The newly added Defendants, Dakota Ln LLC, Down Home DeBoer's LLC, DeBoer Holding Company LLC, and Aubree Says LLC, are all limited liability companies incorporated outside of New York with out-of-state principal places of business and the members are not New York domiciliaries.

### Deadlines

Pursuant to the Court's Amended Case Management Plan (ECF No. 57), the upcoming deadlines are as follows:

- All discovery shall be completed by November 30, 2022.

    - Party-proponent expert disclosures shall be served by October 17, 2022;

    - Party-opponent expert disclosures shall be served by November 17, 2022.[1]

---

[1] On September 30, 2022, the parties agreed to extend the deadline for party-proponent and party-opponent expert disclosures. The Court's order stated that the expert disclosures be served by October 1 and November 1, 2022, respectively. A further extension is being negotiated.



Honorable Jennifer L. Rochon
October 14, 2022
Page 4

- By December 7, 2022, the parties shall file a joint letter certifying the completion of expert discovery, and indicate whether the parties wish for the Court do hold a settlement conference.

- Pre-motion letters regarding any summary judgment motions shall be filed by December 7, 2022.

- Opposition letters regarding any summary judgment motions shall be filed by December 16, 2022.

### Discovery Status

There are certain document issues outstanding related to newly discovered entities through which Defendants did business. Plaintiff appeared for Defendants' noticed deposition. Defendants served post-deposition supplemental Requests for Production of Documents and Requests for Admissions. Plaintiff's responses thereto are still pending. Plaintiff took the depositions of defendants William Dzombak, who is the DeBoers' manager, and C&A Enterprises ("C&A"), an entity through which Chelsea DeBoer principally entered into licensing agreements. As noted above, during Dzombak's deposition, additional entities were disclosed through which the DeBoers entered into licensing agreements. Further, C&A's deposition needs to be retaken because it was adjourned once the designated witness testified that he was unprepared for the noticed topics. The remaining Defendants, namely, the DeBoers, and the corporate designees of the Concealed Entities and TWGG, must also be taken. The parties are in the process of scheduling these depositions. The parties are also working to address other discovery issues, including Defendants' request for information relating to Envy's accountant and communications with third-party brands and Plaintiff's request for contracts and other agreements that Defendants entered into after the termination of the agreement. Defendants have engaged an expert witness and anticipate producing expert disclosure in early November based on the witness's availability and analysis timeline.

### Prior Settlement Discussions

On April 22, 2022, the parties engaged in a private mediation session that was unsuccessful. While the parties remain open to any assistance the Court may lend to meaningful settlement discussions, the parties remain far apart.

### Estimated Length of Trial

The parties estimate that the trial will take approximately five days.



Honorable Jennifer L. Rochon
October 14, 2022
Page 5

                                            Very truly yours,

                                            */s/ Matthew J. McDonald*

                                            Matthew  J. McDonald

cc:      All counsel of record via ECF

10212889.v3
10212889.v4